LARKIN H. DAVIS, administrator, plaintiff in error, *vs.* THOMAS C. HOWARD, defendant in error.

1. An order granting leave to an administrator to sell land, obtained upon the published notice required by section 2559 of the Code, is valid so far as authority to sell is concerned.

2. Upon ejectment against the heir in possession, such order will not be conclusive of the question of their being debts of the intestate outstanding. *Aliter*, if obtained upon personal notice to the heir of such application.

JACKSON, Judge, dissenting:

1. A judgment of a court of general and exclusive jurisdiction, questioned for want of notice or irregularity in the mode of giving it, should be attacked in the court which rendered it, and if the notice to defendant be insufficient, the judgment should be there set aside: Code, section 3593.

Davis *vs.* Howard.

2. Courts of ordinary are courts of original, general and exclusive jurisdiction of the sale and disposition of the real property belonging to, and the disposition of, deceased persons' estates, and of all other matters and things relating to estates of deceased persons: Code, section 331.

3. Section 2486 of the Code empowers the ordinary to grant an order to sell real estate in the possession of the heir to pay debts of the estate; and this order, after notice to the defendant, is conclusive evidence that the administrator needs the land to pay debts. No defective notice appearing on the face of the proceedings, the presumption is that the proper notice was given before the court granted the order to sell, and the judgment of sale is a valid subsisting judgment of a court having jurisdiction of the subject matter and the parties, and will stand as such until set aside on proof that the proper notice was not given: Code, section 2486.

4. It follows, when the heir is sued in ejectment by the administrator and has to meet on the ejectment trial this apparently valid and conclusive order, and has moved in the court of ordinary to set it aside because the notice was a mere advertisement, when he was entitled to personal notice under section 2486 of the Code, and because he can show the court that there were no debts to pay, and when this question was pending in the superior court on appeal from the ordinary, but the ejectment was first on docket and would be first reached, and this judgment of the ordinary would confront and conclude him, it follows that on a bill in equity alleging the foregoing facts, an injunction should be granted to postpone the ejectment until the motion to set aside the judgment could be heard.

Injunction. Administrators and executors. Judgments. Notice. Ejectment. Before Judge PEEPLES. DeKalb County. At Chambers. February 22d, 1876.

Reported in the decision.

L. J. WINN ; L. J. GLENN & SON, for plaintiff in error.

R. H. CLARK, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant as administrator of Jane C. Howard, deceased, praying for an injunction to restrain the defendant from prosecuting an action of ejectment pending in the superior court of DeKalb county, until an appeal case from the court of ordinary, pending in said court, should first be tried. On the hearing

Davis *vs.* Howard.

of the application for the injunction prayed for, the chancellor granted it, whereupon the defendant excepted.

The allegations in the bill, upon which the complainant's equity is based are, that at the death of the defendant's intestate the complainant was her sole heir-at-law; that the land which the defendant is seeking to recover in his ejectment suit descended to him as such heir; that he is in the possession thereof, and that the defendant's intestate owed no debts at the time of her death; that the defendant obtained an order from the court of ordinary for leave to sell the land of his intestate for the payment of her debts, upon the issuing of the usual citation by the ordinary, and publication thereof, as required by the 2559th section of the Code; that the complainant never saw that published notice, and had no other notice of the application for leave to sell the land by the defendant until after the order was granted; when he ascertained that such an order had been granted he applied to the ordinary to have said order set aside, on the ground that he had no legal notice of the application for leave to sell the land of the defendant's intestate, which motion the ordinary overruled, and the complainant entered an appeal to the superior court; that the ejectment suit of the defendant stands first on the docket of that court, and will be called and tried before the appeal case, unless the defendant shall be restrained from doing so by the injunction prayed for. Assuming the allegations in the complainant's bill to be true, as the defendant's demurrer thereto does, are the same sufficient to authorize a court of equity to interpose by granting the injunction prayed for by the complainant? The solution of this question necessarily depends as to what is the proper construction to be given to the statutes in relation to the question involved. The 2559th section of the Code declares that "If at any time it becomes necessary for the payment of the debts of the estate, or for the purpose of distribution, to sell the land of the decedent, the administrator shall, by written petition, apply to the ordinary for leave to sell, setting forth in the petition the reason for such application; and no-

Davis *vs.* Howard.

tice of the same shall be published once a week for four weeks before the hearing, in the gazette in which the county advertisements are published.    If no objection is filed, and the ordinary is satisfied of the truth of the allegations in the petition, an order shall be passed granting the leave to sell, specifying therein the land as definitely as possible." It will be perceived that this is the section of the Code which authorizes the ordinary to grant leave to the administrator to sell the land of his intestate for the payment of debts, and the *only notice* which is required to obtain such leave is, that notice of the application shall be published once a week for four weeks before the hearing, in the gazette in which the county advertisements are published; that having been done, no other notice is required to make the order granting leave to sell the land, a legal and valid order for that purpose, for the simple reason that the law does not require any *other notice* in order to obtain leave to sell.    What will be the effect of that order when the administrator seeks to recover the possession of the land from the heir, is an entirely different question. The administrator cannot sell the land for the payment of the debts of his intestate until he recovers possession of it from the heir, when the heir holds the same adversely to him: Code, section 2564.    The 2486th section of the Code declares that "the administrator may recover any part of the estate from the heirs-at-law, or purchasers from them; but in order to recover lands it is necessary for him to show upon the trial, either that the property sued for has been in his possession, and, without his consent, is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts, or making a proper distribution.    An order for sale, or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact."    The construction which we give to the 2559th and the 2564th sections of the Code is, that an order for leave to sell land by the ordinary, on the published notice, as required by section 2559, is a legal and valid order so far as the question of notice is concerned, and that no other notice than that

required by that section is necessary to obtain leave of the ordinary for the sale of land by an administrator. That when such administrator brings his action to recover the possession of the land from the heir, as provided by section 2486, the order for the sale thereof, under the provisions of section 2559, will not be *conclusive* upon the defendant so as to prevent him from showing that there were no debts due by the intestate of the administrator, unless the defendant had *personal notice* of the granting of the order for leave to sell the land for the payment of the debts of the intestate. The words "after notice to the defendant," should be construed to mean *personal notice,* when it is sought to make the order of the ordinary *conclusive* upon him. To grant leave to sell the land of an intestate by an order of the ordinary for the payment of debts on the notice required by section 2559, is one thing, but to make that order *conclusive* upon the heir, is another and different thing. The fair and reasonable interpretation of these two sections of the Code is, that the ordinary may grant an order for leave to sell the land of an intestate for the payment of debts, as provided by section 2559, and such an order is legal and valid; but where the administrator seeks to recover the land from the possession of the heir, for the purpose of administering it for the payment of debts, under the 2486th section, that order granting leave to sell the land for the payment of debts, is not conclusive upon the heir, unless it be shown, that he had *personal notice* of the granting of the order, and in the absence of any proof of such personal notice, he may show that there were no debts due by the intestate at the time of her death. According to the view which we have taken of this case, the order of the ordinary granting leave to sell the land of the intestate, was a legal, valid order, which should not be set aside either in the court of ordinary or in the superior court, on the appeal trial, for want of notice; inasmuch as the published notice in the gazette, is all the notice which the statute requires to obtain an order for leave to sell the land of the intestate by the administrator. To hold that *personal notice* was necessary before an order could be ob-

Davis *vs.* Howard.

tained by an administrator for leave to sell the land of his intestate, would be to interpolate words into the statute, which the general assembly have not put there. If the defendant did not have any *personal notice* of that order, he will not be concluded by it, on the trial of the case, from showing that there were no debts due by the administrator's intestate, so as to make it unnecessary for him to recover the land, for the payment thereof. If the order of the ordinary granting leave to the administrator to sell the land of the intestate, was void for want of *personal notice* to the heir, then he could attack it for that reason, if it should be in his way on the trial of the ejectment suit, and there would have been no necessity for an injunction. It follows, therefore, from what we have already said, that there is no equity in the complainant's bill, he having an ample adequate remedy at law, and that the injunction was improperly granted.

Let the judgment of the court below be reversed.

BLECKLEY, Judge, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

In this case my brethren and myself are agreed that under section 2486 of the Code, the notice to Howard, the heir, by Davis, the administrator, should have been personal notice to conclude him; but we differ on the point in what forum the judgment of the ordinary should be attacked. A majority of the court think that it may be done in the superior court on the trial of the ejectment; I think it can be done only in the court which rendered the judgment, and that is the court of ordinary. The bill was filed to suspend the trial of the ejectment until the motion to set aside, which was pending on appeal from the ordinary, could be heard, the ejectment standing first for trial on the docket. The necessity for the bill and the injunction depends, of course, on the issue whether the superior court, on the trial of the ejectment, can attack the judgment of the court of ordinary for irregularity in the no-

Davis *vs.* Howard.

tice given to Howard, the heir, that notice not having been *personally* given, but only given by *advertisement in the newspaper.* My brethren think it can do so. I think not.

The order granting leave to sell is a judgment: 7 *Georgia,* 559; 47 *Ibid.,* 202. The court of ordinary is a court of original, exclusive and general jurisdiction of the sale and disposition of the real property belonging to, and the disposition of, deceased persons' estates, and of all other matters and things relating to estates of deceased persons: Code, section 331; acts of 1855–6, page 147; 14 *Georgia,* 27; 24 *Ibid.,* 245. If a court of general jurisdiction in respect to the disposition and sale of real property, it had jurisdiction of this land to order its sale, and of the administrator and the heir to pass upon the necessity of the sale as between them; and its judgment on that subject, for any irregularity of notice or otherwise, cannot be collaterally attacked, but must be attacked in that court which rendered it, Code, section 3593; 13 *Georgia Reports,* 1; 14 *Ibid.,* 325; 30 *Ibid.,* 961. In *Tucker vs. Harris,* 13 *Georgia Reports,* 1, it is ruled distinctly that the court of ordinary is such a court, and its judgment is so to be regarded, and the present chief justice expressed his hearty concurrence in the decision, though having been of counsel he did not preside. If this judgment were void for want of jurisdiction of the person and subject matter, or for any other cause, then it might be attacked collaterally on the ejectment trial: Code, sections 3594, 3828. But is it void? My brethren concede that it is not. It is good, they say, to order the sale of this land, and they cite section 2559 of the Code to show its validity for that purpose. If valid for any purpose it is not void; and, therefore, it must be attacked in the court of ordinary which rendered it. Notice was given by publication, not personally. It is defective in the mode of the notice, in its irregularity, not void for want of jurisdiction; for the court had jurisdiction of the subject matter, the sale of the land, and of the persons, the administrator and the heir. My own opinion is that section 2559 of the Code is controlled by section 2564, and restricted as to all persons in possession holding ad-

versely to the estate, except the heir, who can hardly be said to hold adversely. I mean that no order can be passed by the ordinary to sell lands in possession of anybody except the heir, unless the lands be in the possession of the administrator; section 2564 prohibits it. It would be a vain, foolish thing to authorize the administrator, under section 2559, to sell what section 2564 forbade to be sold; and therefore the ordinary can order the sale of lands only in the possession of the administrator or of the heir. I construe the three sections together—2486, 2559 and 2564—and, taken together, they mean that the ordinary can order the sale of lands in the possession of the heir as well as of the administrator himself, but not in that of strangers holding adversely. Section 2559 requires only notice by publication; and such notice makes the judgment valid for the sale only, if the land be in the possession of the administrator. Section 2486 requires personal notice. It is not necessary in either case that the judgment should set out the notice or the kind of notice. The presumption is that the court did its duty and gave the right sort of notice if it granted the order or made the judgment. A court of limited jurisdiction may be constrained to show on the face of the judgment it renders its authority therefor; but it will be presumed that a court of general jurisdiction of the subject matter and persons did all things precedent to the judgment right, unless the contrary appear on its face. If it "carries its death wound there on its face," it is dead every where, and may be pronounced but a lifeless corpse by any court that looks at it. But if it seems to be alive, and only in view of some irregularity, as in the matter of the kind of notice, not seen on its person, but to be shown *aliunde*, it be sick unto death, *then* it must be killed, if it deserve death, by the court that gave it birth. Such, I think, is the plain meaning of the Code in the sections which make the courts of ordinary courts of general jurisdiction, and in those which regulate the mode and forum of attacking judgments: Code, sections 331, 3593, 3594, 3828. And such, it appears to me, have been the uniform decisions of this court. For authority that the order

Davis *vs.* Howard.

need not show on its face the facts necessary to give the court jurisdiction, see *Barnes vs. Underwood,* 54 *Georgia Reports,* 87. In that case the chief justice delivered the opinion, and said : "If this was an open question in this court, I should hold that the appointment of Underwood, as shown by the record from Hall, was made without authority of law, for the reasons stated in my dissenting opinion in *Davie vs. Mc-Daniel,* 47 *Georgia Reports,* 195, and for the additional reasons urged on the argument by the counsel for the plaintiff in error in this case. But the majority of this court held in *Davie vs. McDaniel* that the judgments of the court of ordinary in this state, in matters connected with wills and the administration of estates, were judgments of courts of general jurisdiction, and that the necessary jurisdictional facts need not appear on the face of their proceedings. Such is, therefore, now the *settled law* in this state on that question until the general assembly shall declare what is the true intent and meaning of the 4114th and 4115th sections of the Code." By turning to the opinion in *Davie vs. McDaniel,* 47 *Georgia Reports,* 195, it will be seen that Mr. Justice MONTGOMERY carefully examined the decisions of this court from the beginning, and cited cases from the first volume of Georgia Reports down, to the effect that courts of ordinary, whatever they may have been, are courts of general jurisdiction, and their judgments entitled to full authority as such. I confess that the 4115th section of the Code does seem to provide that the order should recite the names of persons notified personally under the preceding section ; but *stare decisis* is a good rule, to which the chief justice, in *Barnes vs. Underwood,* yielded, and I bow to that decision now. Further, section 4114 of the Code provides that the sheriff shall serve the party to be notified personally with the order of the ordinary. The presumption is that the sheriff did this and made his return, because the presumption is that the court would not grant the order to sell until the law had been complied with. At common law, such return of the sheriff was conclusive, but by our Code it may be traversed and set

aside: Code, section 3340. But how and where traversed and set aside? Under the recent rulings of this court, it must be done not only in the court where rendered, but it must be done by traverse of the return, to which traverse the sheriff must be a party: See *Maund vs. Keating*, 55 *Georgia Reports*, 396, and *Lamb vs. Dozier, Ibid.*, 677.

In my judgment, the concurring opinion of Judge McCay, in *Davie vs. McDaniel*, on page 208 of 47 *Georgia Reports*, embodies the whole law in few words, "*multum in parvo*." Those words are these: "The rules prescribed by the statute regulating the mode of doing business by the courts of ordinary ought always to be conformed to; and if they be not conformed to, the judgments are irregular, but they are not for that reason void. An irregular judgment cannot be attacked for that reason before another tribunal; to justify such an attack, the judgment must be void." To attack this judgment in the case at bar, I think, for the foregoing reasons, it was necessary to move in the court of ordinary, as the defendant in error did, and as the ejectment would be tried before his motion on appeal could be heard to set aside the judgment, I think the bill and injunction necessary, and that the judgment sustaining the bill and granting the injunction should have been affirmed: See *Stell vs. Glass*, 1 *Kelly*, 486; *Clements vs. Henderson*, 4 *Georgia Reports*, 148; *McDade vs. Burch*, 7 *Ibid.*, 559; *Tucker vs. Harris*, 13 *Ibid.*, 1, (page 16 particularly;) also, 14 *Ibid.*, 27; 24 *Ibid.*, 245; 15 *Ibid.*, 346; 3 *Kelly*, 110; 30 *Georgia Reports*, 961; 50 *Ibid.*, 231; 14 *Ibid.*, 325, and dissenting opinion of McCay, judge, in *Fischesser vs. Thompson*, 45 *Ibid.*, 459.