HOLT *v.* ANDERSON, administrator.

1. In order to entitle an administrator to maintain an action for the recovery of land of his intestate held by an heir, and which has never been in the administrator's possession, the latter must show a necessity for him to have possession, either for the purpose of paying the debts or making a proper distribution. (Code, §2436.) Such a necessity is not shown merely by proving that the estate of the intestate is liable for the payment of funeral expenses, and not showing also that there was not a sufficiency of personal property for paying the same, or some good reason why the administrator should make a division of the land or its proceeds among the heirs.

2. It was error on the trial of such an action to charge the jury, without qualification, that if there was any debt of the intestate for funeral expenses or anything else, no matter how small, then the administrator could recover, and to refuse to charge the law as announced in the preceding note.

3. The presumption of a gift may arise, under section 2664 of the code, in favor of a child whose possession began during minority, if at or before the time when the child went into possession he had been manumitted by the parent. In case a parent and minor child reside together upon land, the possession during the

child's minority is presumptively that of the parent; but this presumption may be overcome by clear and unequivocal proof showing that the parent had actually surrendered to the child the exclusive control of and dominion over the property.

4. The question whether or not the defendant below was entitled, under section 3189 of the code, to hold the land under the alleged parol gift on the ground that it was based upon a meritorious consideration, and that valuable improvements had been made upon the faith thereof, though referred to in the brief of counsel, is not, upon the present writ of error, open for consideration.

March 23, 1896.   Argued at the last term.

Complaint for land. Before Judge Hardeman. Bibb superior court. November term, 1894.

*A. Dasher* and *Estes & Jones*, for plaintiff in error.
*R. V. Hardeman & Son*, contra.

SIMMONS, Chief Justice.

It appears from the record, that Michael Navel died in possession of a tract of land, leaving as his heirs his wife and his daughter Julia; and these two remained upon the premises until the death of the widow on October 11, 1891. She left no debts except burial expenses, which were paid by A. J. McKinney, her son by a former husband. Anderson was appointed administrator of Mrs. Navel, and McKinney called upon him for the repayment of the sum advanced by him for funeral expenses; whereupon the administrator brought ejectment against the defendant for an undivided half interest in the land. Under the charge of the court the jury found for the plaintiff, and the defendant excepted.

1, 2. The code declares (§2486), that "the administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in his possession and without his consent is now held by defendant, or that it is necessary for him to have possession for the purpose of

paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." In this case it did not appear that the administrator had ever been in possession of the land, nor did it appear that it was necessary for him to have possession for the purpose of paying debts or making a proper distribution. It was not shown that any order for sale or distribution had been granted by the court of ordinary; and for aught that appeared from the evidence, the decedent may have left a sufficiency of personal property to pay the claim for funeral expenses. Counsel for the defendant requested the court to charge the jury, that it was incumbent upon the administrator, before he could recover land from an heir, to show upon the trial, either that the property sued for had been in his possession and without his consent was held by the defendant, or that it was necessary for him to have possession for the purpose of paying the debts or making a proper distribution. The court refused to charge as requested, and instructed the jury as follows: "When it is shown that Mrs. Navel was the owner of this property, and if she died in possession of the property, and if there should be any debts of hers to be paid for funeral expenses or anything else, no matter how small, when that is shown, then the administrator is entitled to recover her half interest." This charge, and the refusal to charge as requested, are excepted to. We think the court erred in the charge here complained of, and in refusing to give in charge the instruction requested, which was substantially in the language of the section of the code above quoted. Under that section, the administrator must show that "it is necessary for him to have possession" for one of the purposes mentioned, namely, for paying the debts, or making a proper distribution; and the mere existence of a small debt for funeral expenses does not of itself show such a necessity. If there is any money or other personal property left by

the decedent, and it is sufficient to pay the debts, there is no necessity for the sale of the land for that purpose, and in such case even if the land were in the possession of the administrator, he would not be authorized to sell for that purpose. Under the law of this State, the lands of an intestate go immediately to the heirs, and the personalty to the administrator for the payment of debts, if there be any, and he is not entitled to recover land from an heir in order to sell it and apply the proceeds to the payment of debts, without showing that the personalty is insufficient for that purpose. In *Head, adm'r*, v. *Driver*, 79 *Ga*. 179, it was said by Bleckley, C. J., that "prior to the code, it was not absolutely settled whether or not an administrator could recover in ejectment against an heir at law, without first obtaining an order of sale from the court of ordinary. 3 *Ga.* 111; 14 *Id.* 145; 20 *Id.* 141. Under the code, it is the better practice, if not indispensable in most cases, to obtain such order." The burden being upon the administrator to show this, and there being no order of the ordinary for the sale or distribution of the land, and the evidence being wholly silent as to what personal property was left by the intestate, the error complained of is sufficient cause for a new trial.

3. The defendant inherited an undivided half interest in the land from her father, and claimed the other undivided half interest under a parol gift from her mother which she alleged had been made to her more than seven years before the mother's death. She testified that during that period she had been in exclusive possession of the land, without payment of rent; and it was claimed that this, under section 1664 of the code, created a conclusive presumption of a gift and gave her a good title. During the period mentioned she was earning wages, paid the taxes on the land and made improvements thereon. She was a minor, however, at the time the gift was claimed to have been made, and her mother continued to reside with her on the land, and seven years had not elapsed between the time of her

arrival at majority and the time the suit was commenced. It was contended on the part of the plaintiff, that the possession required to create a presumption of a gift from a parent to a child, under section 2664 of the code, could not begin until the arrival of the child at majority; and the court instructed the jury in accordance with this view. In our opinion, the possession required to create a presumption of a gift under this section of the code may begin during minority if the child has been manumitted by the parent. Where a parent and child reside together on land, the presumption is that the possession is that of the parent; but this presumption may be overcome by clear and unequivocal proof that the parent actually surrendered to the child the exclusive control of and dominion over the property.

4. Under the principle announced in section 3189 of the code, a donee of land under a parol gift based upon a meritorious consideration, who, with the consent of the donor, enters into possession and makes valuable improvements upon the faith of the gift, acquires such a perfect equity as will enable him to successfully defend his possession against the donor or his heirs. *Floyd* v. *Floyd*, 97 *Ga.* 124. This section of the code is referred to in the brief of counsel for the plaintiff in error, but so far as appears from the record, the question whether or not a good defense existed under this section was not considered in the court below. We therefore do not deal with the question upon the present writ of error.              *Judgment reversed.*