## DAVITTE *v.* SOUTHERN RAILWAY COMPANY *et al.*

1. On the death of an intestate, title to land of which he died seized and possessed descends directly to his heirs at law. When after his death such heirs enter into possession of the land which he owned, such possession is in their own right, and is adverse to that of an administrator subsequently appointed. Before an administrator can legally sell the land so held, he must recover possession; and while an order of the court of ordinary directing the administrator to sell the land of the intestate is conclusive evidence of the necessity of the sale and entitles the administrator to recover, no legal sale can be made until the recovery be first had. Where such heirs in writing have given to another authority to enter upon the land of which they are in possession and to which they have such title, to lay thereon for temporary uses a railway-track, the right of the person having such authority, or his assignee, will prevail over that of another who claims to have purchased the land at an administrator's sale made while the heirs were in the adverse possession thereof.

2. This court can not determine that notice, under the doctrine of lis pendens, was given, when the ground of the motion for a new trial fails to disclose that the suit relied on as evidence of lis pendens was pending at the time that the party sought to be charged with the notice purchased the right to enter the land.

3. Some of the exceptions relating to alleged errors in admitting evidence were not properly taken in the motion for a new trial; some of the evidence admitted over objection was immaterial and harmless; and the error in admitting the other portions objected to was cured by admissions in the record. If any portions of the charge of which complaint is made were not strictly correct, they appear, in view of the evidence, not to have been injurious to the plaintiff in error.

4. The verdict was apparently in accord with the substantial justice of the case, and there was no abuse of discretion in refusing the motion for new trial.

Submitted June 17, — Decided August 2, 1899.

Equitable petition.  Before Judge Janes.  Polk superior court.  December 31, 1898.

*Joseph A. Blance* and *John W. Akin,* for plaintiff.
*Shumate & Maddox,* for defendant.

LITTLE, J.  Error is assigned on the refusal of the judge to grant a new trial on several grounds set out in the motion.  It appears from the record that the plaintiff sought to enjoin the railway company from removing the railroad-track; that is to say, the iron, rails, fastenings, cross-ties, etc., from certain land which he claimed to own; which ownership he acquired by virtue of certain muniments of title under the following circumstances:  The land in question was owned by one Poteet, who died in possession, intestate, leaving a wife and four children as his heirs at law.  Letters of administration on the estate of Poteet were granted to one Knight in July, 1888; and the ordinary granted an order for the sale of the land by the administrator on October 1, 1888.  At the sale by the administrator the plaintiff became the purchaser, and received a deed from the administrator, conveying the land sold, dated January 2, 1894; and took possession in 1895 or 1896.  It also appears from the evidence in the record, that when Poteet died his widow and two children were left on the land; that they were in possession and so remained until some time after the administrator sold it; that the plaintiff then purchased the interest of the heirs of Poteet in the land, and the latter removed to the State of Texas; that he paid the heirs $400.00 as consideration, and received a deed conveying their interest.  In resistance to the prayers of the petitioner, the defendant introduced in evidence a paper conveying certain lands and the right of way for a railroad through other lands to John G. Bullock.  This paper appeared to be signed by J. E. Poteet, Miranda Poteet, and Susie DuPree, designated as the legal heirs of Jasper Poteet deceased, in the presence of F. M. Randall and H. M. Randall, which was admitted to record on the affidavit of F. M. Randall.  Also, a deed from Bullock to M. E. Maher, for a consideration of $500.00; and an agreement executed by the E. T.,V. & G. R. R. Co. and Maher, providing for the con-

struction of a side-track to a rock-quarry through the land in question, stipulating that the title and ownership of the iron, rails, cross-ties, fastenings, etc., going into the construction of the side-track should remain in the railroad company; and that on the termination of the contract the railway company should have the right·to take up and remove the iron, rails, etc., so laid down; that the contract should be in force for the term of three years. Maher, on his part, therein agreed to certain undertakings not necessary to be named. Much other evidence was introduced; a considerable portion of it as it appears in the record is confused; some of it conflicting. Such other parts of it as may be found necessary will hereafter be referred to. Under the charge of the court, the jury returned a verdict finding for the defendant three fourths of the iron, cross-ties, and fixtures; and one fourth of the iron, cross-ties and fixtures for the plaintiff. Decree was had accordingly. Besides the general grounds that the verdict is contrary to evidence, against the weight of evidence,. and contrary to law, there are twenty grounds set out in the motion. As set out, none of these grounds show any error in the rulings of the court, or in charging the jury, which require a reversal of the judgment. Mainly, the rulings and charges were in accord with the law governing the issue; and where errors are shown to exist other than those specifically mentioned, the same are found to be unimportant and immaterial.

1. An important item of evidence was a paper purporting to have been signed by certain heirs at law of Poteet, which it was claimed had the effect of conveying to Bullock the right of way over the lands in question. The fourth ground of the motion alleges that the court erred in allowing this deed to go in evidence, the specific objection being that it was irrelevant, because the connection between the parties signing it and the intestate was not shown, and because the execution of the deed was not proved. Certainly, if the deed had the effect claimed, it was not irrelevant; on the contrary, title to the land having been admitted in the intestate, it became the basis of the right of the defendant to enter on the land. It was shown by the evidence that the persons whose names appeared to this paper

were the heirs at law of the intestate, and that they were in possession of the land as such at the time of the execution of the paper. It is true that an administration of the estate of Poteet was shown to have been had, but such administration was granted nearly two years subsequent to the date of the paper. The evidence is not only that the heirs were in possession when it was executed, but that they so continued until some time after the sale by the administrator; that is to say, until 1895, when the plaintiff, who was the purchaser at the administrator's sale, went into possession. If these things are true, plaintiff took little, if anything, by his deed. Under the law of distribution, realty descends directly to the heirs. In this case they rightfully held the land, and the evidence nowhere shows that the administrator was ever in possession of it. By the provisions of § 3457 of the Civil Code, an administrator must first recover possession before he can sell the property of his intestate which is held adversely by a third person. See also *Heard* v. *Phillips*, 101 *Ga.* 691. And, by the case of *Holt* v. *Anderson*, 98 *Ga.* 220, to entitle an administrator to maintain an action for the recovery of the land of his intestate held by an heir, and which has never been in the administrator's possession, a necessity for such possession, either for the purpose of paying the debts or making a proper distribution, must be shown by the administrator. See also Civil Code, § 3358. It is true that an order for the sale of the property is shown in this case, but until he recovered possession the order did not authorize him to sell. Under the provisions of law to which we have referred, that order was conclusive evidence that there was a necessity for the sale of the land, but the sale could not be legally had while the land remained in the adverse possession of an heir; and therefore a purchase by the plaintiff did not confer on him any rights as against the heirs at law or their assigns. The validity of the deed was attacked for the want of proper execution. Circumstances attending the execution were shown, and the question was properly left to the jury, who, by their verdict, determined the issue in favor of the defendant in error. A review of the evidence upon which such determination was had induces us to think that the

jury were warranted in so ·finding. If it be true, as we have attempted to show, that the plaintiff acquired no title as against the heirs or their assigns under the deed from the administrator, then his cause must fall, unless by some other source of title he has shown a right superior to that set up by the defendant. The fact is in evidence that he subsequently purchased the interest of the heirs at law, and took their deed conveying the interest they had in the land to him. This, however, was necessarily subject to the conveyance theretofore made by them. It is true that the conveyance to Bullock was not recorded until long after its execution, and, under the provisions of the law as to the effect of registered deeds, the plaintiff could have acquired a title by a subsequent purchase without notice of the existence of this conveyance to Bullock; but the record clearly shows that, prior to his purchase, plaintiff had notice of the prior sale by the heirs. It is in evidence that when that paper was presented for record, the record was refused because of informality in its execution, and at that time and in his presence a copy of it was made, and he became familiar with its terms. He was therefore chargeable with notice at that date, and although registry of the instrument was subsequently made, notice would apply at the date when he knew of its terms, not at the date of its registry.

2. It is complained that the verdict is contrary to law and without evidence to support it. We do not think that this contention is sound. The evidence was not clear as to how many heirs at law the intestate left surviving him; the jury, however, evidently determined by their verdict that there were four, and that three of these had conveyed their interest to Bullock, under whose right the defendant claimed to have entered the land. The defendant had no right of entry as against the fourth one of these heirs at law, because he did not join in the deed. While the deed from the heirs conveying their interest to the plaintiff is not in evidence, the fact was proved that they had all conveyed to him. Acting upon this, the jury evidently found in favor of the plaintiff the interest of the fourth heir, which had not been conveyed to Bullock. This finding may not be supported strictly by the evidence; but if the de-

fendant saw proper not to complain, the plaintiff could hardly do .so, because the finding as to one fourth of the property in dispute was in his favor.

3. There was no error in permitting the defendant to prove by the plaintiff as a fact that he had bought the interest of the heirs and paid them for it and took a deed of conveyance to it. The contents of the instrument were not sought to be proved.

To prove in such a case that a railroad .adds to the farming value of the lands upon which it runs has no relevancy to the question being tried; but, because of its utter immateriality, the error in allowing it does not call for a reversal. That the deed from Bullock to Maher and the execution of the agreement between Maher and the railway company was competent and legitimate evidence appears from what has been before said.

It is also complained that the court erred in ruling out a record in the case of Knight, administrator, *vs.* Bullock and Maher, which was tendered as an adjudication of title against Bullock and Maher, under whom the railway company claims, and as notice to the company of the suit under the doctrine of lis pendens. It does not appear that this ruling was erroneous, for the record referred to is not set out, and the description of it is so meager that we are unable to determine its effect in evidence. Certainly, if it was claimed that the pendency of the suit gave notice to the railway company, in order to accomplish that result the date when the suit was filed, or time when it was pending, is material, to ascertain whether it had that effect. Neither of these things appears, and we can not say that there was error in excluding the record under the description made of it in the motion for new trial. Nor do we think that any of the charges complained of require this case to be sent back for a new trial. It was certainly not permissible to show by a witness the time at which the E. T., V. & G. Company went into the hands of a receiver, nor when it was delivered to the Southern Railway Company, when it appears that the only knowledge that such witness had of these facts was the date when the agents along the line of road began to operate it for the defendant and when the witness began to litigate for it as attorney for the defendant. But such error was cured, if it

was material, by the admission with which the brief of evidence opens, to wit: "It was conceded that the Southern Railway Company has all the rights that could be conveyed to it by purchase from the receiver of the East Tennessee, Virginia and Georgia Railway Company."

The jury passed on all contested questions of fact, and we find that there is evidence which supports their determination of the same, and there was no error by the court, nor in the finding of the jury, which entitles the plaintiff to a new trial.

*Judgment affirmed. All the Justices concurring.*