DIXON *v.* ROGERS, administrator.

1. It is incumbent upon an administrator seeking to recover from an heir, or a purchaser from the latter, land of which the administrator has never had possession, to show " that it is necessary for him to have possession for the purpose of paying debts or making proper distribution."
2. When, therefore, an administrator brought against a purchaser from an heir an action for the recovery of three separate parcels of land alleged to have been the property of the intestate, and the plaintiff, without showing that he had ever been in possession of any of them, relied exclusively upon an order of sale granted by the court of ordinary, as evidence of a legal necessity to recover and sell the lands in question, and it appeared that this order had no relation at all to one of the parcels, it was erroneous to direct a general verdict for the plaintiff.

Argued March 13, — Decided April 9, 1900.

Complaint for land. Before Judge Reese. Glascock superior court. August 21, 1899.

*B. F. Walker,* for plaintiff in error. *T. E. Watson,* contra.

COBB, J. Rogers, as administrator of the estate of Wilcher, brought suit against Josie E. Dixon to recover three described parcels of land; the first containing 204 acres, the second 12, and the third 6 acres. The defendant answered, denying all the material averments of the petition, and setting up title in herself. At the trial it appeared that the defendant held under a deed from the heirs at law of the plaintiff's intestate. The plaintiff introduced in evidence an order of the ordinary, authorizing the

plaintiff as administrator to sell certain described realty of the estate of his intestate. The application of the plaintiff to the ordinary for leave to sell prayed for an order authorizing the sale of two tracts of land, the first containing 175 acres and the second 6 acres, and referred to therein as the same land which is now held and occupied by James Marsh. It was alleged in the petition that it was necessary to sell the land for the purpose of paying debts and making distribution among the heirs of the intestate. The order passed upon this application recited that it was necessary to sell the lands for the purpose of paying the debts and making distribution among the heirs, and then provided that the administrator should sell such lands, which consisted of "two tracts with 75 acres in one and 6 acres in the other, making a total of 81 acres; being the land now held and possessed by James Marsh." It may be inferred from the application and order that the lands referred to in the order are the same as those described in the application, notwithstanding the discrepancy in the number of acres. It was shown by evidence that the lands described in the application and order were parts of the land described in the plaintiff's petition in the present case. Upon this evidence the judge directed a verdict in favor of the plaintiff for the three tracts of land sued for.

In order to authorize an administrator to recover possession of any part of the estate of his intestate from the heirs at law or purchasers from them, it is necessary that it should be shown, either that the property sued for has been in the possession of the administrator and is held by the heirs without his consent, or that it is necessary for him to have possession for the purpose of paying debts or making distribution. Civil Code, § 3358. The order of the ordinary was at least prima facie evidence of the fact that a sale of the property therein described was, at the time the order was granted, necessary for the purpose of paying the debts of the estate, although there was no evidence of personal notice to the defendant. Davis v. Howard, 56 Ga. 430. Such being the case, and it not appearing that the debts had been paid, the plaintiff was entitled under the evidence to recover so much of the land sued for as was embraced in the order of the ordinary, and a jury would have been authorized to find for

the plaintiff to this extent. Construing the order of the ordinary most favorably for the plaintiff, it refers to only two tracts of land, and does not in any manner whatever refer to that tract described in the petition as containing 12 acres. As to this tract the plaintiff entirely failed to make out his case. It was therefore erroneous for the judge to direct the verdict to which exception is taken.

*Judgment reversed. All the Justices concurring.*