FINCH *et al. v.* DuBIGNON, administrator.

Where an administrator applies for leave to sell land belonging to the estate of his intestate, averring in his application that the sale is necessary for the purpose of paying debts due by the estate and for distribution, it is error to strike, on demurrer, a ground of a caveat filed by the heirs at law, denying in distinct terms that any necessity for the sale exists for either of the purposes set forth in the application. And this is true though it appear from other grounds of the caveat that there are debts due by the estate.

Submitted January 13,—Decided February 9, 1903.

Petition for leave to sell land of intestate — appeal. Before Judge Bennet. Glynn superior court. May 20, 1902.

*Ernest Dart* and *Crovatt & Whitfield*, for plaintiff in error. *R. D. Meader* and *J. D. Sparks,* contra.

COBB, J.   This was an application by an administrator for leave to sell land of his intestate, and came on to be tried on appeal in the superior court.   The court dismissed the caveat on demurrer, and directed a verdict in favor of the applicant.   To both judgments the caveators excepted.   The application alleged that the applicant was the administrator of the estate of Hannah Coburn, and that it was necessary, for the purpose of paying the debts of the estate and making distribution among the heirs, that certain specified real estate should be sold; and prayed for an order granting the applicant leave to sell the same after notice published as required by law.   The plaintiffs in error, who describe themselves as heirs at law of Hannah Coburn, denied in their caveat, in specific terms, that it was necessary, for the purpose of paying debts or making distribution, to sell the land described in the application, and alleged that it was not at all necessary for either purpose that the land should be sold.   The caveators also alleged that the estate was of such a character that it could be disposed of without selling the real estate, there being practically no debts and the real estate being easily divisible among the heirs.   The caveat contained other grounds of objection to the sale, as follows: That the property described in the application was not the property of the estate; that caveators had bought the property from the intestate during her lifetime and paid her for the same all of the purchase-price except a small amount, and it was prayed that the administrator be required to accept this amount and convey the property to them; that after the property is so conveyed, the residue of the estate will, under the law, devolve upon caveators and one Burrough Coburn, a person of weak mind, whom they represent as next friends, and they ask that this residue of the estate be distributed in kind; that the estate is indebted to them in various small amounts, and they ask that these amounts be adjusted and passed on by a proper judgment of the court.   The caveat closes with a general prayer that the application for leave to sell be refused.   Upon demurrer the court struck all of the grounds of caveat.

When an administrator applies for leave to sell the land of his intestate, it is essential that he should allege that the sale is necessary for the purpose either of paying debts or making distribution.   The ordinary has no authority whatever to grant an admin-

istrator leave to sell land, unless it is necessary for one or the other of these purposes. The heirs at law of the estate have a right to appear and object to an order of sale, and if they can satisfy the ordinary by evidence that it is not necessary to sell for either of the purposes above named, it is his duty to refuse to grant an order of sale. See, in this connection, *McCook* v. *Pond*, 72 *Ga.* 151 (*b*); *Johnson* v. *Hall*, 101 *Ga.* 689 (1). The averment in the application, that the sale is necessary for one or the other of these purposes, is therefore an absolutely essential averment. The heirs at law, when they appear, can take issue with the administrator on this averment, and a denial by them of the facts alleged in this averment makes an issue which is to be submitted to the ordinary, under evidence introduced by the parties to the proceeding. There was, in the caveat filed in the present case, a distinct denial that there was any necessity to sell the land, either for the purpose of paying the debts due by the estate or for distribution among the heirs at law. The application and the caveat made this distinct issue. So far as this ground of the caveat, which was a clear, distinct, and specific denial of the averment in the petition, is concerned, there appears to us to be no sufficient reason why it should have been stricken on demurrer. Even if the pleading act of 1893 is applicable to the court of ordinary, a denial of this character would be sufficient, under that act; and if this act is not applicable to that court, such a denial is certainly sufficient to make an issue under the old practice, which allowed a general denial of all the averments of the petition. A fact was alleged in the application, which was denied in the caveat, and this made an issue to be tried as an issue of fact, and it would have been error for the ordinary to strike this ground of the caveat on demurrer. On appeal the judge of the superior court is required to deal with the case in exactly the same manner as if it were on trial in the court of ordinary, the only difference being, that on appeal questions of fact are determined by a jury, while the ordinary sits alone to determine all questions, of both law and fact. We think the court erred in sustaining the demurrer, so far as the ground of caveat just referred to is concerned.

We do not, however, think there was any error in striking the other grounds of the caveat. If the property did not belong to the intestate, it was no concern of the heirs at law that the ad-

ministrator was applying for leave to sell it. If the caveators were the owners of the land, either in whole or in part, their remedy was not to object to a sale of the land, but to proceed, in an appropriate way, to set up their rights as such owners in a court having jurisdiction of such a controversy as this would make with the representative of the estate. If the administrator was not in possession of the land, this was no reason for refusing to grant him leave to sell. If it was the property of the intestate, he was entitled to an order to sell the same, for the purpose of showing, in a suit brought against the party in possession, that it was necessary for him to have possession of the same for the purpose of using it to pay debts due by the estate or for the purpose of making distribution. To caveat this application was not the appropriate remedy for the caveators to have adjusted any claim which they had against the estate of the intestate. We see no error in the judgment sustaining the demurrer, except in so far as related to that ground of the caveat containing a specific denial of the averment in the application that it was necessary to sell the land.

<em>Judgment reversed.    By five Justices.</em>