ADAMS, administrator, *v.* PHILLIPS.

Where suit was brought by an administrator to recover certain land, and it appeared from the evidence introduced by the plaintiff that his intestate died in possession, and that afterwards a son of the decedent took possession with his family, and died while residing there, and that the widow of such son, who remained in possession after his death, was the defendant in the action, but there was no evidence that the administrator had ever been in possession, or that any order for sale of the land had been granted, or that there was any necessity for him to

recover it in order to pay debts or distribute the estate of his intestate, a nonsuit was properly granted.

Submitted November 7, 1908.—Decided April 17, 1909.

. Complaint for land. Before Judge Martin. Montgomery superior court. May 5, 1908.

*J. B. Geiger,* for plaintiff.

. *W. M. Lewis* and *Graham & Graham,* for defendant.

ATKINSON, J. In an action of complaint for land the plaintiff as administrator was nonsuited. On the trial his evidence showed that the intestate died in possession of the land, and that the defendant was the widow of a deceased son of plaintiff's intestate who survived the intestate. The evidence did not show whether the son died testate or intestate. At the time of the death of the son ·(defendant's husband), she was living with him on the property in dispute. It was not shown that the plaintiff as administrator had obtained an order to sell, nor was it otherwise shown that it was necessary for the administrator to have possession of the land in order to pay debts or make distribution among the heirs, nor was it shown that the administrator had ever been in possession and had lost it.

The wife was an heir-at-law of her deceased husband. Civil Code, §3355. There being no evidence that the husband left a will, it is presumed that he died intestate. *Miller* v. *Speight,* 61 *Ga.* 460; 14 Cyc. 20. As the defendant was heir to a son of plaintiff's intestate, she had an interest. in the land, acquired under the laws of inheritance. That interest was not antagonistic to the title of the plaintiff's intestate, but was derived through it. In order to have recovered from the defendant's husband it would have been incumbent on the plaintiff to show that he had an order to sell, properly granted, or that it was necessary for him to have possession for the purpose of distribution among the heirs or for the purpose of paying debts, or that the land had been in his possession, and without his consent was at the time of the trial held by the defendant. *Dixon* v. *Rogers,* 110 *Ga.* 509 (35 S. E. 781); *Holt* v. *Anderson,* 98 *Ga.* 220 (25 S. E. 496). The Civil Code, ·§3358, provides: "The administrator may recover possession of any part of the estate from the heirs-at-law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in

his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." While this section in terms refers to the right of an administrator to recover possession of any part of the estate "from the heirs-at-law or purchasers from them," there is no reason why an heir of an heir should in this respect stand upon a different footing from an original heir or a purchaser from him. In either event the title is held derivatively from the estate which the administrator is seeking to administer, and the right of the administrator is only in a representative capacity. For the reasons indicated there was no error granting a nonsuit.

*Judgment affirmed. All the Justices concur.*