*H. H. Perry* and *R. H. Baker,* contra.

---

GANN, administrator, *v.* RUNYAN, administratrix, *et al.*

Under the pleadings and evidence, considered as a whole, it was erroneous for the judge to direct a verdict.

FEBRUARY 18, 1910.

Equitable petition. Before Judge Gober. Cobb superior court. November 17, 1908.

*H. B. Moss* and *J. E. Mozley,* for plaintiff.

*J. Z. Foster,* for defendant.

ATKINSON, J. G. B. Gann, as administrator upon the estate of F. Runyan, deceased, instituted suit against Mrs. Laura Runyan, as administratrix upon the estate of F. W. Runyan, deceased, and sole heir of her intestate, and also against J. A. Runyan. The suit was for the recovery of an undivided one-half interest in a certain lot of land in the town of Austell, containing one half of an acre, more or less, on which was situated a two-room house, for cancellation of a deed executed by J. A. Runyan, "as legal agent for F. Runyan, deceased," purporting to convey the land to F. W. Runyan, and for other relief. Mrs. Laura Runyan, individually and in her representative capacity, answered the petition, but J. A. Runyan did not. On the trial, after both sides had introduced evidence, the judge directed a verdict in favor of the defendants, and the plaintiff by direct bill of exceptions assigned error. A like result was reached in another action brought against the same de-

4

fendants by the same plaintiff as administrator of Mary N. Runyan, deceased.

1. On the trial it appeared that the plaintiff's intestate died seized and possessed of an undivided one-half interest in the land in dispute, the defendant's intestate, who was then in life, being seized and possessed of the other half interest. There were several heirs at law, one of whom was the defendant's intestate. The defendant's pleadings and evidence were to the effect that her intestate, while in life, purchased the interest of his coheirs in his father's estate in the land in question, but there was a conflict of evidence as to whether he had really purchased the interest of two of them. It did not appear that the plaintiff's intestate owed any debts, or that the plaintiff had been granted an order of sale by the ordinary, or that he had previously been in possession of the land. Therefore, if the plaintiff, as administrator, was entitled to recover from the defendant, who occupied the position of an heir of his intestate (*Adams* v. *Phillips,* 132 *Ga.* 455 (64 S. E. 467)), it was only for the purpose of making distribution among the heirs of his intestate. It is provided as follows in the Civil Code: "§ 3353. Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the ·benefit of the heirs and creditors." "§ 3081. An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposi-, tion during his life, and descending to his heirs and legal representatives upon his death intestate. Realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, for the payment of debts and the purposes of distribution. If there be a legal representative, the right to recover it is in him; if there be none, the heirs may sue in their own name." "§ 3358. The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show, upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be con-

clusive evidence of either fact." Under these provisions, construed together, although there may be no order of sale granted by the ordinary, and the administrator may never have been in possession, and there may be no debts, and the heirs of the intestate may all be sui juris, yet if the conditions are such that a sale of realty left by the intestate would be necessary in order to make proper distribution among the heirs, the administrator might recover possession from an heir or one occupying the position of an heir. See, on the general subject: *McCook* v. *Pond,* 72 *Ga.* 150; *Johnson* v. *Hall,* 101 *Ga.* 687-9 (29 S. E. 37); *Park* v. *Mullins,* 124 *Ga.* 1072-4 (53 S. E. 568); *Dixon* v. *Rogers,* 110 *Ga.* 509 (35 S. E. 781); *Green* v. *Underwood,* 108 *Ga.* 354 (33 S. E. 1009); *Watkins* v. *Gilmore,* 121 *Ga.* 488-90 (49 S. E. 598); *Holt* v. *Anderson,* 98 *Ga.* 220 (25 S. E. 496); *Head* v. *Driver,* 79 *Ga.* 179 (3 S. E. 621). If two of the heirs of the plaintiff's intestate were entitled to recover undivided interests in the property in dispute, that would render it necessary to distribute the one-half interest of the plaintiff's intestate in the property between at least three persons, consisting of those two and the defendant. Considering the size of the lot and the character of the improvements thereon and the character of the interest of the estate therein, it would at least be for the jury to say whether or not a division of the property could be made in kind, and whether or not a sale would be necessary in order to make distribution. And as the evidence was conflicting as to whether two of the heirs of the plaintiff's intestate owned interests in the property, it was also a question for the jury to say whether or not these heirs were entitled to an interest. It was erroneous, therefore, to direct a verdict on the theory that the plaintiff, as administrator, was not authorized to recover from an heir.

It was further contended that the plaintiff should not recover, because the administration was not granted until nine years after the death of the intestate, and after the defendant's intestate had acquired prescriptive title. The defendant's pleadings and evidence were to the effect that the plaintiff's intestate died in 1897, and there was no administration until 1906, but that there was an agreement among all the heirs for a settlement of the entire estate without administration, all of them having attained the age of majority; and that the agreement was carried into effect by the execution of the deed to the defendant's intestate, dated February 1st,

1898, to which reference has been made in the statement of facts. That deed did not purport to have been made by the two contesting heirs or any one acting in their behalf. On the trial, while testifying as witnesses for the plaintiff, the two heirs denied that they had sold their interests in the land in dispute, or that they had received any purchase-price therefor, or that they had authorized the execution of the deed to which reference has been made, or that they knew of the existence of the deed until recently before the trial, though the deed appears to have been on record for more than seven years. They admitted receiving certain checks, which the defendant contended were given for their portion of the land in dispute, but they testified that they did not understand that they were for such purchase-money, but understood that they were for their interests in certain personal property. Under the circumstances, it became a jury question to determine whether or not they were bound by this conveyance, or whether they had received as purchase-money the checks which it was contended were for the purchase-price of the land, and whether they knew that the defendant's intestate was claiming adversely to their interests during the period of time relied upon to establish prescription or estop them on account of laches. The rule is clear that before possession of one cotenant can be adverse to another there must be actual ouster, or exclusive possession after demand, or express notice of adverse possession. Civil Code, § 3145. Upon these questions the evidence did not require a finding favorable to the defendant. The pleadings and evidence, considered as a whole, were not of such character as to authorize the direction of a verdict.

*Judgment reversed. All the Justices concur.*