HORTMAN *et al. v.* VISSAGE, administrator.

No. 13353. DECEMBER 4, 1940. REHEARING DENIED DECEMBER 18, 1940.

448

*W. B. Mitchell* and *Homer Beeland,* for plaintiffs in error.

*J. M. Hancock,* contra.

REID, Chief Justice. A motion has been made to dismiss the writ of error, for the reason that the plaintiff in error did not make her mother Mrs. J. B. Vissage, and her sister Mrs. Bud Carroll, parties defendant in error in the bill of exceptions. This motion is denied. The petition of the administrator was one seeking a consolidation of a dispossessory warrant which he had filed against Mrs. Hortman and her husband, to which they had filed a counter-affidavit, and the claim case above described. He prayed that all of the parties thereto be required to come in and set up their rights to the property, so that the entire controversy over the property could be settled in one decree. Mrs. Hortman in her claim affidavit asserted that the property belonged to her mother Mrs. J. B.

Vissage, herself and her sister Mrs. Bud Carroll, but she did not purport to make them parties or to be claiming in their behalf. Upon the filing by the administrator of the petition for consolidation, Mrs. Vissage and Mrs. Carroll filed a pleading headed "In the matter of: J. T. Vissage Estate," and in which they expressly alleged that they had not authorized Mrs. Hortman to file a claim in their behalf and were not in fact parties thereto. They further alleged that they had no interest in the land except to the undivided interest of J. B. Vissage in the estate of J. T. Vissage. Since the administrator sought to make them parties only in so far as they were claiming the land and were parties to the claim filed by Mrs. Hortman, and since they showed that they were not in fact parties thereto, and did not seek to defend against any right of the administrator to recover, it was not necessary to make them parties defendant in error in this court on the theory that they were parties in the court below interested in sustaining the judgment.

■ An administrator may sell land of his intestate when it is necessary to do so for the payment of debts or for the purpose of distribution. Code, § 113-1706. The sale must be authorized by an order of the ordinary, obtained as provided in § 113-1706 et seq. (*Edwards* v. *Sands,* 150 *Ga.* 11, 102 S. E. 426; *Waller* v. *Hogan,* 114 *Ga.* 383, 40 S. E. 254). If the land is in the adverse possession of an heir, the administrator must first recover possession. "An administrator may not sell property held adversely to the estate by a third person; he shall first recover possession." Code, § 113-1714; *Weitman* v. *Thiot,* 64 *Ga.* 11 (3); *Davitte* v. *Southern Ry. Co.,* 108 *Ga.* 665 (34 S. E. 327). Where either or both of the grounds exist which authorize an administrator to procure an order for the sale of land as provided in § 113-1706, the administrator may recover possession of the land from an heir. § 113-908. In a suit by an administrator to recover land from an heir, where the administrator has obtained from the ordinary an order for sale of the land, the order is prima facie evidence of the necessity to sell on the ground stated in the application therefor, when service of notice of the application was by publication as required by § 113-1706, supra, and is conclusive thereof when the heir was given personal notice. § 113-908; *Davis* v. *Howard,* 56 *Ga.* 430; *Park* v. *Mullins,* 124 *Ga.* 1072 (53 S. E. 568) ; *Brown* v. *Glover,* 156 *Ga.* 640 (119

S. E. 607). In *Head* v. *Driver,* 79 *Ga.* 179 (3 S. E. 621), Chief Justice Bleckley said: "Prior to the Code, it was not absolutely settled whether or not an administrator could recover in ejectment against an heir at law, without first obtaining an order of sale from the court of ordinary. 3 *Ga.* 111; 14 *Id.* 145; 20 *Id.* 141. Under the Code, it is the better practice, if not indispensable in most cases, to obtain such order." In this same connection it was said in *Luttrell* v. *Whitehead,* 121 *Ga.* 699, 703 (49 S. E. 691), "An administrator may apply for leave to sell land which is held adversely to him at the time of the application. Indeed, if his purpose is to recover land held adversely by an heir, an order of sale is a necessary prerequisite." An examination of these cases will disclose that in neither was it necessary to decide whether an order for sale of the land is a prerequisite to a suit by the administrator to recover land from the possession of an heir; and the point has been settled, contrary to the opinions expressed therein, by the decision of this court in *Gann* v. *Runyan,* 134 *Ga.* 49 (67 S. E. 435), where it was distinctly ruled that *"although there may be no order of sale granted by the ordinary* [italics ours], and the administrator may never have been in possession, and there may be no debts, and the heirs of the intestate may all be sui juris, yet if the conditions are such that a sale of realty left by the intestate would be necessary in order to make proper distribution among the heirs, the administrator might recover possession from an heir or one occupying the position of an heir." See also *Adams* v. *Phillips,* 132 *Ga.* 455 (64 S. E. 467) ; *Winn* v. *Simmons,* 141 *Ga.* 680 (81 S. E. 1106) ; *Caraker* v. *Brown,* 152 *Ga.* 677 (111 S. E. 51) ; *Green* v. *Underwood,* 108 *Ga.* 354 (33 S. E. 1009).

The present suit by the administrator is for all intents and purposes an action to recover possession of the land from the daughter of a deceased heir of his intestate. He alleged that he had obtained from the ordinary an order authorizing a sale of the land. In answer to this allegation the defendant alleged that for want of sufficient information she could neither admit nor deny "the obtaining of the order." Under our Code an allegation of fact in the petition may be put in issue so as to put the plaintiff to his proof in reference thereto by either denying the allegation or by alleging that the defendant "can neither admit nor deny such averment, because of the want of sufficient information." Code, § 81-103. It follows that

the existence of the order was put in issue by the answer of the defendant, to the same extent as had the existence of the order been denied (see 49 C. J. 263); and so far as the plaintiff sought a recovery of the land on the existence of such order, the answer set up an issuable defense. Cf. *Dixon* v. *Rogers,* 110 *Ga.* 509 (35 S. E. 781). However, as already pointed out, since the obtaining from the ordinary of an order of sale is not a prerequisite to a suit by the administrator against an heir for possession of land, but he may in the absence of such order nevertheless recover upon allegations and proof that it is necessary to sell the land for payment of debts or for the purpose of distribution, the petition may otherwise show grounds for recovery, if it is affirmatively alleged that it is necessary to sell the land, on one or both of such grounds. In this connection the plaintiff alleged "that it is not to the best interest of the heirs of the estate of J. T. Vissage that the realty be divided in kind, but said heirs desire that T. B. Vissage be appointed administrator of said estate and bring the property to sale for distribution, and the payment of accrued taxes against the estate of the said J. T. Vissage, due the County of Crawford." This constituted an allegation that it was necessary to sell the land for the purpose of distribution, but did not amount to an allegation that it was necessary to sell the land for the payment of debts. It is doubtful whether the allegation, properly construed, can be said to aver that in fact taxes are due to the County of Crawford; but even so, it is not definitely alleged that it is necessary to sell the land for the purpose of paying such taxes. The mere existence of debts does not authorize the administrator to recover possession of land from an heir. *Holt* v. *Anderson,* 98 *Ga.* 220 (25 S. E. 496). Cf. *Finch* v. *DuBignon,* 117 Ga. 113 (43 S. E. 423). It accordingly appears that the only allegation on which the administrator was entitled to recover was that one as to the existence of the order of the ordinary authorizing the sale, and, aside from this, the independent allegation that it was necessary to sell the property for the purpose of a proper distribution. As already pointed out, the defendant by her answer put in issue the obtaining and existence of an order of the court of ordinary authorizing the sale. In answer to the other allegation she alleged that it was not necessary to sell the property for the purpose of distribution among the heirs, for the reason that there had been a division of the realty by the heirs

in kind, and that her father had received thereunder the land in controversy and had gone into possession thereof. An administrator can not recover possession of land from heirs for the purpose of distribution among them, where they have in fact divided the property in kind and each has gone into possession of his part. See *Harris* v. *Seals,* 29 *Ga.* 585; *Barron* v. *Burney,* 38 *Ga.* 264; *Park* v. *Mullins,* 124 *Ga.* 1076 (supra); *Amis* v. *Cameron,* 55 *Ga.* 449; *Johnson* v. *Hall,* 101 *Ga.* 687, 689 (29 S. E. 37).

If the view we have taken of the pleadings in the case is correct, the defendant's answer set up issuable defenses to the cause of action as alleged; and accordingly the court should not have stricken the answer and directed the verdict. Of course, if the plaintiff proves the existence of an order of the ordinary authorizing the sale, the defendant can not defend against it unless it is made to appear that she was not given personal notice of the application therefor. And even if lack of personal notice is shown, if the order (which was not attached to the petition and does not appear in the record) was granted for payment of debts, or for the payment of debts and distribution, and not for distribution alone, mere proof that there had been a division in kind among the heirs would not be a defense to the plaintiff's right of possession of the land, since a division of the realty by the heirs among themselves would not affect the administrator's right to its possession for payment of debts. But these are matters that will arise upon the trial. The defendant is not entitled to possession of the land as against the administrator, by virtue of any agreement in reference thereto between her and her father, J. B. Vissage; but, as shown above, her answer otherwise set up an issuable defense to the plaintiffs action for possession of the land, and it should not have been stricken on demurrer.        *Judgment reversed.   All the Justices concur.*