26348. JONES et al. v. WILSON.

UNDERCOFLER, Justice. Pearl Wilson Jones, individually and as administratrix of the estate of Eli Wesley Wilson, and Rheba W. Perdue, as administratrix of the estate of Mary Jane Wilson, filed a complaint in the Superior Court of Washington County against Mrs. Betty Salter Wilson. The complaint alleged that Eli Wesley Wilson owned certain real estate in Washington County for more than 102 years; that James A. Wilson had been conveyed a life estate in said property; that the deed of conveyance of the life estate provided the property

would revert to the estates of Eli Wesley Wilson and Mary Jane Wilson (husband and wife) at the termination of the life estate; that the heirs at law of Eli Wesley Wilson and Mary Jane Wilson, both of whom died intestate, are the same; that Pearl Wilson Jones is an heir at law of the intestates; that the defendant had been in possession of the property for more than ten years as a squatter; that no one has been on the land under a claim of right since the death of the life tenant in 1949; that a petition for leave to sell said property for the purpose of paying debts of the estates and making distribution was granted by the court of ordinary; that the debts of the estates are for four years tax on the property; and that the claim of title and possession of the defendant creates an uncertainty as to the validity of any sale the complainants might make. The prayers were that the defendant be declared a co-tenant with the other heirs at law of Eli Wesley Wilson and Mary Jane Wilson; that she be ejected, enjoined and restrained from asserting any claim, title or possession, except as an heir at law; that the complainants be declared to have the legal title to said property and the right to sell the same; and for general relief.

The defendant's answer contended that no claim was asserted against her; that she had title by prescription; that she claimed the property as an heir at law of her deceased husband, Roy Bascom Wilson, and under a year's support proceeding; that the complainants should not have possession of the property for the purpose of paying debts and making distribution.

The record shows that James A. Wilson and Patrick Henry Wilson were brothers and were the children of the intestates; that Roy Bascom Wilson was the son of Patrick Henry Wilson; that the defendant is the widow of Roy Bascom Wilson who died intestate.

The trial court held that the title to the real property passed to the heirs at law of Eli Wesley Wilson and Mary Jane Wilson; that the administratrices have no legal right to sell said realty for the purpose of paying debts and making distribution; that the only debts of the estates are for four years tax, and taxes are not such debts as would authorize them to sell the real property; that the defendant has no valid claim of title by pre-

scription; and that ejectment will not lie against a co-tenant. The appeal is from this judgment. *Held:*

*Code* § 113-908 (amended by Ga. L. 1943, pp. 236, 237) provides: "The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying debts, making a proper distribution, or for other purposes provided for in this Title. An order for sale or distribution granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." Under this provision an administratrix can eject an heir at law.

This court ruled in *Park v. Mullins,* 124 Ga. 1072, 1074 (53 SE 568), that such an order for sale or distribution is not "conclusive evidence of either fact" unless personal notice had been given an heir in possession. "The heir, like all other persons interested in the estate, is bound by the judgment authorizing the sale of the land, except in the single instance where the order of sale is used as evidence in an action of ejectment against him to recover the land from his possession. When it is sought to use the order as conclusive evidence against him in such a proceeding, he is entitled, under the statute as construed by this court to personal notice of the application. Unless this character of notice is given, the court is without jurisdiction to render a conclusive judgment. In the absence of such notice he is at liberty to attack the judgment whenever it is sought to be used as evidence against him as the foundation for a recovery of land of the estate in his possession. The order is, however, in any event prima facie evidence against him. *Dixon v. Rogers,* 110 Ga. 510; *Luttrell v. Whitehead,* 121 Ga. 703. But the prima facie showing thus made may be overcome, in a proper case, by any competent evidence showing that there is no necessity for a sale." Id., p. 1075.

The affidavit and stipulations of the defendant attempt to show title in the defendant by prescription and that she claimed the

property as an heir at law of her husband and under a year's support proceeding.

The affidavit and stipulations of the defendant do not overcome the prima facie case made by the order of the court of ordinary authorizing the sale of the property. "In order to defeat the right of an administrator to recover the land for distribution, it is therefore necessary for the heir in possession not only to show that the land can be divided in kind, but that it is the purpose and intention and desire of all the heirs that it shall be so divided. In the present case the order of the ordinary authorizing a sale of the land for the purpose of distribution was not conclusive upon the defendant, for the reason that he had not had the personal notice required by law, but it made out a prima facie case against him, and the burden was on him to show that there was no necessity for a sale, for the reason that the heirs had agreed to divide the land in kind." *Park v. Mullins,* 124 Ga. 1072, 1076, supra; *Davis v. Howard,* 56 Ga. 430; *Dixon v. Rogers,* 110 Ga. 510, supra; *Hortman v. Vissage,* 191 Ga. 446, 449 (12 SE2d 294). Therefore, for the reasons stated in the opinion, the judgment is reversed.

*Judgment reversed. All the Justices concur.*
Submitted February 9, 1971—Decided March 4, 1971.

*Casey Thigpen,* for appellants.
*Irwin L. Evans, M. W. Dukes,* for appellee.