McCOOK *et al. vs.* POND, administrator.

A bill was filed against an administrator, making, in brief, the following case : Complainants are the heirs of defendant's intestate ; the estate is ripe for distribution ; there are no debts ; the real estate can be readily divided in kind ; and there is no need for a sale of it ; an order of the court of ordinary has been granted, authorizing a sale of the realty ; a motion was made to revoke this order, and on the refusal to revoke it, an appeal was taken to the superior court.    The object of the bill was for an account and settlement, and a distribution of the estate ; there was a prayer for an injunction, to restrain the administrator from selling the realty. On the hearing, complainants introduced affidavits to show that the appeal from the court of ordinary was withdrawn, on agreement of the administrator, that he would only sell one lot.    This was denied by defendant :

*Held,* that the injunction should have been granted.    The object of this bill was not to interfere with the due course of administration, but to wind up and distribute this estate, which is now ready

---

*Compare Flournoy & Epping *vs.* Wooten, ex'r, 71 *Ga.,* 168.

for that purpose; and this may be done as well by a division in kind, as by a sale and distribution of the money.

(a.) The estate in this case is ready for distribution and final settlement, and in this it differs from the cases in 68 *Ga.*, 735; 47 *Ga.*, 195.

(b.) As real estate descends to the heirs in this state, it would seem to be the policy of the courts to favor the heirs by a division of the lands in kind, and they will not be sold, unless it be necessary to pay debts or to have a distribution.

October 16, 1883.

Administrators and Executors. Courts. Equity. Injunction. Before Judge WILLIS. Muscogee County. At Chambers. June 5, 1883.

Reported in the decision.

THORNTON & HARGETT; J. M. LEONARD, for plaintiffs in error.

McNEILL & LEVY, for defendant.

BLANDFORD, Justice.

The plaintiffs in error, as the heirs-at-law of M. M. McCook, filed their bill against defendant in error, as the administrator *de bonis non* of M. M. McCook, for an account and settlement and distribution of said estate; also, prayed an injunction against the defendant from selling the real estate of said deceased; and it appeared that an order of the court of ordinary had been granted, authorizing the sale of the real estate of said deceased; and that there were no debts to be paid; and that a motion had been made to revoke said order, by plaintiffs, before the court of ordinary, and an appeal taken to the superior court, upon the judgment of the ordinary refusing to revoke said order of sale. This appears by the bill and answer. Upon the motion for injunction before the chancellor, many affidavits were read. The affidavit of the complainant in the bill, of Mattie Moore, and of James M. Leonard, showed that,

pending the case on appeal to revoke the order of sale, the defendant agreed that if complainant would withdraw the same, the defendant would only sell one lot in the city of Columbus belonging to said estate; that the appeal was then withdrawn. Pond, defendant, in his answer denies this, and the only affidavit submitted by him is that of J. M. McNeill, which is merely negative, and does not deny this agreement, but says that he, as attorney for Pond, never heard of it when the appeal was dismissed or withdrawn. The affidavits submitted fully show that there is no necessity for a sale of this property for distribution, but the same can be easily partitioned in kind. The court refused the injunction.

The bill filed in this case is not alone for injunction, but for account, relief and distribution. In this respect it differs from cases where this court has held that equity will not interfere with the due course of administration. The bill, answer and proofs in this case show that the estate in the hands of the defendant is ready for distribution and final settlement; and in this respect it differs from the cases of *Bailey vs. Ross*, 68 *Ga.*, 735; 47 *Ga.*, 195.

Under the facts of this case, the court of ordinary should have refused to grant this order of sale. Code, §§2246, 2483, provide that, upon the death of any person, the real estate descends to the heir, except it be necessary to pay debts or for distribution, neither of which in this case is it shown is necessary. There are no debts to be paid, and it can be divided in kind, as is fully shown. But it is insisted that the question as to the necessity for the sale of this property is shown by the order of the ordinary authorizing the sale, and that this order is conclusive upon the plaintiffs. An appeal was taken to the superior court; and the plaintiff, Mrs. McCook, shows by her affidavit and that of Moon and Leonard, against the answer of defendant alone, that if the appeal was withdrawn, that defendant would only sell one lot in the city

of Columbus under this order, and that the same was withdrawn under this understanding or agreement. We cannot doubt, if the case had been prosecuted on the appeal, but that the superior court would have revoked this order, under the facts of this case. The affidavits presented by the plaintiffs overcome defendant's answer on this point, and even had the case been equally balanced by the evidence, the safer course would have been for the chancellor to have granted the injunction, especially where a question of law was involved, and we are clear that, under the facts of this case, the injunction should have been granted. It is not proposed by this bill to interfere with the due course of administration, but to wind it up and distribute this estate, which is now ready for that purpose; and this may be done as well by a division of the land as by sale and distribution of the money. See Code, §2584 to §2588.

Courts of equity have concurrent jurisdiction with courts of ordinary as to the administration of estates, and when, as in this case, an estate is ready for distribution, and the ordinary fails to take the proper steps to bring this about, a court of equity, upon a bill filed for account and distribution, will entertain jurisdiction for that purpose; and then the jurisdiction of the ordinary ceases, pending the bill, and equity may do whatever the ordinary could have done, if the bill had not been filed; and as the ordinary could have distributed the property of this estate in kind, a court of equity may do so likewise, and to that end it may grant an injunction to restrain an administrator from selling the property of the estate, under an order granted by the ordinary, if it be necessary to have a division of the property of the estate in kind, as it has full and complete jurisdiction of the whole matter. It would seem that, as the real estate descends to the heirs in this state, it would be the policy of the courts to favor the heirs by a division of the lands of their ancestor in kind, rather than to have a sale of them. They should not be sold except

to pay debts and have distribution. If no debts to be paid, and distribution in kind can be made, this policy should be carried out by the courts. *Tucker vs. Parks et al.*, 70 *Ga.*, 414. So, as to this case, this bill is filed, not to interfere with the administration by the ordinary; but as the ordinary has failed to bring about a settlement and distribution of this estate, the object of the bill is to bring about this result; and having acquired jurisdiction, the court will complete it. The injunction should have been granted, and the decree refusing the same is reversed.

Judgment reversed.