PARK, administrator, *v.* MULLINS.

1. In a suit by an administrator against an heir to recover land of the estate in his possession, for the purpose of distribution, where the evidence relied upon to establish that it was necessary for the administrator to have possession for the purpose of distribution is an order of distribution granted by the ordinary, the heir may attack such order by showing that no personal notice of the application for such order had been served upon him; and this is true notwithstanding it appears that the order was passed after the usual citation had been published according to the law. The opinion of the majority of the court in the case of *Davis* v. *Howard,* 56 *Ga.* 430, followed and approved.

2. In such a case the order authorizing the sale is prima facie evidence as to the necessity of a sale for distribution; and when the evidence shows that the heirs of the estate are the defendant and his minor children, mere proof that there were no debts, and that the land is capable of division in kind, will not be sufficient to overcome the prima facie case made by the order of the court of ordinary. *Aliter,* if all the heirs were of age and were parties and had agreed upon a division in kind, or if the infant heirs were parties represented by a guardian ad litem, and it should appear to the court that a division in kind was to their best interests.

Argued January 25,—Decided February 21, 1906.

Ejectment. Before Judge Freeman. Troup superior court. June 24, 1905.

Mrs. Lula T. Mullins died possessed of certain property in Troup county, and W. G. Park was appointed her administrator. The administrator applied to the court of ordinary for leave to sell the land for the purpose of distribution among the heirs, notice of such application was published as required by law, and the order was

granted.   The administrator then brought suit against H. H. Mullins to obtain possession of the land, and for mesne profits, alleging, that Mullins had been in possession of the land since the death of Mrs. Mullins, and that it was necessary to recover possession for the purpose of administering the estate of Mrs. Mullins.   The defendant, answering the petition, admitted possession of the land, and further alleged, that he and his children, who were tenants in common, were living upon the land, that he was supporting them from the proceeds, and that there was no indebtedness against the estate of Mrs. Mullins.   By amendment the defendant further pleaded that there was no necessity to sell the land, that it could be divided in kind among the heirs, and that the defendant, as one of the heirs, wished the property so divided, and also that "none of the defendants" had any notice of the application to sell the land, or citation of the ordinary.   Plaintiff moved to strike the amendments to the plea.   This motion was overruled, and the amendments allowed.   By amendment to the petition it was alleged that the defendant had personal notice of the application for leave to sell the land.   A verdict was found for the defendant, and the plaintiff filed a motion for new trial, which contained the general grounds and also several special grounds, one of the latter being that the court erred in allowing the defendant's counsel, while the defendant was testifying, to ask the following question, and the witness to answer it as follows:   "Can the property sued for be divided in kind among the heirs, is it necessary to sell it for division, and do you desire it divided in kind?"   Answer:   "It can be divided in kind without decreasing its value.   It is not necessary to sell it for division, and we desire to have it divided in kind."   The objection to this testimony was that the order of the ordinary granting leave to sell was conclusive, and the defendant could not go behind it. It was further alleged, that the court erred in not directing a verdict for plaintiff, on the ground that the order to sell was conclusive, and in not striking the amendments to defendant's plea, on the ground that the order was conclusive.   The motion for a new trial was overruled, and the plaintiff excepted.

E. T. Moon, for plaintiff.   F. M. Longley, for defendant.

COBB, P. J.   (After stating the foregoing facts.)   In McDade v. Burch, 7 Ga. 559, it was held that an order of the court of ordinary

granting leave to sell the land belonging to the estate is a judgment of a court of competent jurisdiction, and can not be attacked or impeached collaterally by an heir claiming such land. In that case the lands had been divided among the heirs, and an administrator subsequently appointed had obtained an order authorizing a sale of the land. The heir in possession interposed a claim, and on the trial the claimant offered testimony to prove the division of the estate and that there were no debts due by the intestate at the time of his death. It was held that this evidence could not be admitted, for the reason that it collaterally attacked the judgment of the court of ordinary. So far as the record discloses, the only notice given of this application was the usual citation issued from the court of ordinary when such application was made. While this case was not a technical action to recover land from the possession of an heir for the purpose of administration, it was in its effect and result the same as if it had been. When the code was adopted there was a provision inserted expressly authorizing an administrator to recover possession of any part of the estate from the heirs at law or any purchaser from them. But the administrator was not allowed to recover land unless it was shown that either the property had been in his possession and was held without his consent by the heir, or that it was necessary for him to have possession for the purpose of paying debts or making distribution. It was also provided that an order for sale or distribution, granted by the ordinary after notice to the defendant, "shall be conclusive evidence of either fact." Civil Code, § 3358. As a general rule, no other notice is required of a proceeding in a court of ordinary than that by publication of the citation according to the practice of that court. "The same strictness, as to matters of service and pleading, which is required in cases at common law, is not observed in the ecclesiastical courts or in our courts of ordinary, which derives its practice, in this regard, from the ecclesiastical courts of England. Accordingly, service is perfected on kindred and creditors, in these courts, by citation." *Mitchell* v. *Pyron,* 17 *Ga.* 417. No other service than by citation is required, unless by express statute some other character of notice is essential. In *Davis* v. *Howard,* 56 *Ga.* 430, it was held that the notice required in the section above referred to was personal notice to the heir, or to the purchaser from him. Upon this all three Judges agreed. As to whether an order granted with-

out such notice could be attacked collaterally, there was a difference of opinion, the majority of the court holding, that, in an action of ejectment against the heir in possession, such an order could be attacked collaterally if there was no personal notice.   Judge Jackson dissented from this proposition.   If personal notice is required (and such is the rule under the unanimous decision above referred to), then an heir who has not had personal notice has never been served, has never had his day in court, and is no more bound by the judgment than any other person would be bound by a judgment of any court where there is no service upon him.   The heir, like all other persons interested in the estate, is bound by the judgment authorizing the sale of the land, except in the single instance where the order of sale is used as evidence in an action of ejectment against him to recover the land from his possession.   When it is sought to use the order as conclusive evidence against him in such a proceeding, he is entitled, under the statute as construed by this court, to personal notice of the application..   Unless this character of notice is given, the court is without jurisdiction to render a conclusive judgment.   In the absence of such notice he is at liberty to attack the judgment whenever it is sought to be used as evidence against him as the foundation for a recovery of land of the estate in his possession.   The order is, however, in any event prima facie evidence against him.   *Dixon* v. *Rogers,* 110 *Ga.* 510; *Luttrell* v. *Whitehead,* 121 *Ga.* 703.   But the prima facie showing thus made may be overcome, in a proper case, by any competent evidence showing that there is no necessity for a sale.

The statute does not declare what shall be the contents of this personal notice, nor how it should be served; and the contents of the notice and manner of service must be left to the determination of the court, which, under the statute, is not only given jurisdiction in reference to the matter, but is required to see that the service is perfected.   When a court has jurisdiction of a case, it may frame such order as may be necessary to perfect service upon the parties to be affected.   *Mitchell* v. *Southwestern R.,* 75 *Ga.* 398; *Coakley* v. *Southern Ry. Co.,* 120 *Ga.* 960.   The service must be formal, and an entry must appear upon the records showing the service.   Mere casual notice to a party, of pending proceedings, is not such service as the law requires.   *Baker* v. *Aultman,* 107 *Ga.* 339.

2. As the title to lands vests in the heirs immediately upon the

death of the decedent, the heirs, by agreement, may divide the land in kind, if the rights of other persons are not affected by the transaction.   If there are no debts, and none of the heirs are minors or laboring under disabilities, a division of the land may be had by agreement among them.   They are, however, not compelled to agree upon a division, and any heir may insist upon a sale and distribution of the proceeds.   In order to defeat the right of an administrator to recover the land for distribution, it is therefore necessary for the heir in possession not only to show that the land can be divided in kind, but that it is the purpose and intention and desire of all the heirs that it shall be so divided.   In the present case the order of the ordinary authorizing a sale of the land for the purpose of distribution was not conclusive upon the defendant, for the reason that he had not had the personal notice required by law, but it made out a prima facie case against him, and the burden was on him to show that there was no necessity for a sale, for the reason that the heirs had agreed to divide the land in kind.   He failed to carry this burden, for the evidence showed that the heirs of the estate were the defendant and his minor children, who had no capacity to make any agreement for a division.   If the defendant had filed an equitable plea alleging that it was for the best interest of the minors that the land should be divided in kind, and they had been made parties to the case and served, and a guardian ad litem appointed for them, it may be that the court would have had jurisdiction to render a decree declaring that a sale was unnecessary, and providing for a division of the land in kind between the defendant and his children.   But certainly the defendant can not defeat the suit of the administrator by simply showing that he desired a division in kind, and thus be left in possession of the property, representing owners who were minors, in no other capacity than that of a parent.   In the case of *Cook v. Pound,* 72 *Ga.* 150, an injunction was granted to restrain the administrator from selling the land, upon the ground that no sale was necessary, but to this proceeding all the heirs were parties.   In the present case the heirs who were infants were not parties, they have not been heard; and it may be that if they had been heard through a proper representative, it would have been made to appear that a division in kind was not to their interest, but that it would be best, so far as they are concerned, for the land to be sold and the proceeds divided and in-

vested for their benefit. The judgment in effect leaves the land in the possession of the father to the exclusion of the administrator, and the interests of the infant heirs are left for the future solely to the judgment of the father. Until he has been regularly appointed guardian for them, or until he has filed a bond as natural guardian, he is not in a position to authoritatively represent them, either in court or in the administration of their interests in the estate. The judge should have granted a new trial on the ground that the verdict was unauthorized by the evidence.

*Judgment reversed. All the Justices concur.*