Merritt *et al. v.* Jones *et al.*

Fish, C. J. 1. The sale of realty by an administrator at public sale, who is duly authorized to sell by an order of the court of ordinary, to an innocent purchaser, divests the title of the heirs at law of the intestate, although there may be irregularities in the sale. Civil Code (1895), § 3463; Ib. (1910) § 4039.

2. Where the application by an administrator, for an order to sell lands for the purpose of paying the debts and making distribution among the heirs of the intestate, set forth that the intestate "owned at the time of her death two tracts of land, one lying in Worth county known as the home place, where the deceased resided at the time of her death, containing 50 acres, and another tract of improved land containing 202½ acres lying in the county of Randolph," and an order was duly granted to sell "the lands belonging to said estate (for the purpose of paying the debts and distribution among the heirs) lying in said county, of the home place, and a tract of land lying in Randolph county; the one in Worth county containing 50 acres and the one in Randolph county, improved, containing 202½ acres more or less," such order was legal authority to the administrator to sell an improved lot of land in Randolph county of a given number belonging to the intestate at the time of her death, where it appeared that such lot was the only land owned by the intestate at the time of her death in Randolph county. *Hall* v. *Davis*, 122 *Ga.* 255 (50 S. E. 106), and cases cited.

3. The action was to recover a lot of land number 158 in the fifth district of Randolph county. The plaintiffs and the defendants claimed under a common grantor, Mary F. Freeman. The plaintiffs claimed as the heirs at law of Mary F. Freeman, and under a deed made to them by John M. Freeman, also an heir at law of Mary F. Freeman. The defendants claimed through a deed made by the administrator of Mary F. Freeman. The application of the administrator to sell and the order authorizing him to sell set forth the facts stated in the next preceding headnote. The advertisement of the administrator's sale described the land as "lot of land No. 157, Fifth District of Randolph County, Georgia. containing 202½ acres more or less." At the sale the administrator made the public announcement that he was going to sell the "old Trippe place." Pridgen was the purchaser at the administrator's sale at the price of $750, and the administrator, as such, executed to him a warranty deed for the purpose of conveying the property sold at the administrator's sale, and describing the land as lot number 158 in the fifth district of Randolph county. Pridgen subsequently conveyed the land by warranty deed to Mrs. Trippe, in consideration of $750, describing the land by the number last above mentioned. Mrs. Trippe in turn conveyed the land by such number by warranty deed to William Jones for a consideration of $800. Thereafter Jones died intestate, leaving the defendants as his only heirs at law, and no administration was ever had upon his estate. There was nothing tending to show that the purchaser at the administrator's sale, or those holding under him, had notice of any irregularity as to the advertisement of the administrator's sale.

4. The facts above stated were shown by competent evidence.

5. It follows, upon the application of the legal principles above announced to the facts stated in the third headnote, that the plaintiffs were not entitled to recover, and that the verdict in favor of the defendants was demanded.

6. In view of the foregoing, it is unnecessary to deal specifically with the assignments of error upon the allowance of the amendment to the defendants' answer, upon the charge of the court, or to the rulings on the admission of evidence.

*Judgment affirmed. Beck, J., absent. The other Justices. concur.*
AUGUST 15, 1911.

Complaint for land. Before Judge Worrill. Randolph superior court. July 15, 1910.

*Robert L. Moye* and *Pottle & Glessner,* for plaintiff.

*M. C. Edwards,* for defendants.