COPELAN *et al. v.* KIMBROUGH *et al.*

1. The order of the court of ordinary granting leave to an administrator with will annexed to sell land belonging to the estate he represents is a judgment of a court of competent jurisdiction. It imports, legally, a necessity for the sale, and such judgment, apparently regular, cannot be collaterally attacked. It represents the authority for the sale of real estate, and when sold to an innocent purchaser, in accordance with the statute, such sale divests the title of the heirs, although there may be irregularities.

2. Where the petition of such administrator for leave to sell land of the estate he represents recites that "the testator' [died] leaving a tract of land in said county, on which he resided," containing a designated number of acres, upon which the court of ordinary rendered a judgment granting leave to sell the land upon the administrator's "proceeding in the premises as required by statutes in such cases made and provided," such judgment is not void for lack of a legally sufficient description of the land.

3. Where the deed of an administrator with will annexed recites that the land was exposed for sale under and by virtue of an order of the court of ordinary, and the order of said court required that the administrator "proceed in the premises as required by the statutes in such cases made and provided," the deed will be held valid, although it does not recite that the sale took place between the hours required by the statute, in the absence of anything to show the contrary.

4. The judgment of the court of ordinary, referred to in the preceding headnotes, is not void for lack of notice or service upon the owners of the land, where the petition to the court of ordinary for leave to sell alleges that the petitioner "has given due notice of his intended application," and the judgment of the court of ordinary is based on such petition. "Due notice," nothing appearing to the contrary on the face of the record, will be held to mean a full compliance with the law in regard to notice and service.

5. Where the petition of such administrator to the court of ordinary for leave to sell, referred to in the preceding headnotes, recites that "such is the situation of the land that no fair division can be made amongst the heirs at law," it must be assumed that legally sufficient reasons were shown to the court, authorizing a judgment granting leave to the administrator to sell the land.

6. The foregoing rulings control the decision of the case before us. Other rulings of the court upon which errors are assigned and authorities cited are not decided, because they are pertinent only where a direct attack is made on the judgment.

No. 1415. JANUARY 15, 1920. REHEARING DENIED FEBRUARY 14, 1920.

Complaint for land. Before Judge Park. Hancock superior court. March 26, 1919.

Samuel R. Walker as administrator de bonis non cum testamento annexo filed in the court of ordinary of Hancock County a petition for leave to sell land, viz.: "Georgia, Hancock County. To the

Court of Ordinary of said county: The petition of Samuel R. Walker, administrator with the will annexed of Irby Hudson, showeth, the said Irby Hudson [died] leaving a tract of land in said county, on which he resided, and such is the situation of the land that no fair division can be made amongst the heirs at law, four in number; and that he has given due notice of his intended application. Wherefore he prays the judgment of the Court of Ordinary granting an order to sell the land of said estate. Sept. 1, 1862. S. R. Walker, Admr. with will annexed." Upon which the following order was passed "On reading and filing the petition of Samuel R. Walker Admr. of etc. of the estate of Irby Hudson, deceased, it is ordered by the court that the prayer of the petitioner be granted, and that he have leave to sell the tract or parcel of land upon his proceeding in the premises as required by the statutes in such cases made and provided." The administrator de bonis non cum testamento annexo exposed said land for sale, executing to the purchaser a deed which contained, among other recitals, the following: "Whereas the Ordinary for the County of said County, on the 4th day of August in the year eighteen hundred and sixty-two, upon the application of Samuel R. Walker, administrator with the will annexed by Irby Hudson, late of said [county], deceased, did pass an order for the sale of the real estate of said deceased, hereinafter described, legal notice of said application having been first given in one of the public gazettes of this State two months previous to the granting of the order aforesaid; whereas the said Samuel R. Walker, admr. of Irby Hudson, as aforesaid, having first given forty days notice of said sale and of the time and place thereof in one of the public gazettes of this State, to wit, the Chronicle and Sentinel, and at the door of the court-house in the County of Hancock did on the first Tuesday in November in the year eighteen hundred and sixty-two at the place of public sales in the County of Hancock aforesaid, expose to sale at public outcry under and by virtue of the order aforesaid the premises hereinafter mentioned; and whereas the said premises were then and there knocked off to Samuel C. Hitchcock of the County of Sumter and State aforesaid, who was the highest bidder for the same, at and for the sum of eight thousand nine dollars and fifty cents." In 1917 Irby Hudson Jr., one of the devisees under the will of Irby Hudson Sr., died, and his children

brought ejectment against the person in possession of a portion of the land conveyed by the administrator in 1862. Upon the trial the plaintiffs introduced evidence of the possession of Irby Hudson Sr., the will, its probate, and evidence tending to show assent by the executrix and administrator de bonis non cum testamento annexo to the devises, and offered other evidence tending to show such assent, which was rejected. The defendants offered the application of the administrator de bonis non cum testamento annexo, the order of the court of ordinary authorizing the sale of the land in dispute, and the deed executed by the administrator as aforesaid. The plaintiffs objected to the deed, on the ground that it did not appear that the prerequisites of a valid sale had been complied with, especially in regard to the sale within the lawful hours prescribed by statute, there being no recital in the deed in regard thereto. The order of sale was objected to on the ground that it was void, in "that it did not appear that any lawful service or notice was had, but the order purported to the contrary; also that the land to be sold was not described with sufficient definiteness to authorize a sale of that in dispute; and further that it appeared from the evidence in the case that the title to the land had vested under the will of Irby Hudson in his devisees, and could not be sold by the administrator with the will annexed, the ordinary having no jurisdiction to partition land by sale, certainly not without personal notice and service upon the owners." The court held that the order was not void and could not be collaterally attacked, and admitted the evidence. A verdict was directed for the defendants, and the plaintiffs excepted.

*John B. Gamble* and *Samuel H. Sibley,* for plaintiffs.

*Burwell & Fleming, T. M. Hunt,* and *R. L. Merritt,* for defendants.

GILBERT, J. 1. The controlling question is whether the order of the court of ordinary granting leave to sell the land is void. If it is void, it may be attacked collaterally. If valid on its face, it cannot be collaterally attacked. In the latter event many of the contentions raised and elaborately discussed are immaterial. They could only become pertinent in the event of a direct attack. The court of ordinary has general jurisdiction of estates, testate and intestate. "The order of the court of ordinary granting leave to an administrator to sell lands belonging to the estate he

represents is his authority for so doing. The authority being shown, the law 'presumes the court of ordinary required all the law requires to have been done before granting the order to sell, and we will not go behind that judgment.' *Clements* v. *Henderson,* 4 *Ga.* 154 [48 Am. D. 216]. . . The order to sell, being a judgment of a court of competent jurisdiction, imports legally a necessity for the sale, and such judgment cannot be attacked and set aside collaterally. It is not only leave to sell, but it is a judgment of the court that such sale will be for the benefit of the heirs and creditors of the estate. In favor of this judgment we are to presume the court did its duty." *Davie* v. *McDaniel,* 47 *Ga.* 195, 202; *Doe* v. *Roe,* 30 *Ga.* 961; *Roberts* v. *Martin,* 70 *Ga.* 196; *Park* v. *Mullins,* 124 *Ga.* 1072, 1075 (53 S. E. 568); *Gann* v. *Runyan,* 134 *Ga.* 49, 51 (67 S. E. 435); *Martin* v. *Dix,* 134 *Ga.* 481 (2), 482 (68 S. E. 80); *Schulze* v. *Schulze,* 149 *Ga.* 532 (101 S. E. 183); Civil Code (1910), § 5968; Doolittle *v.* Holton, 28 Vt. 819 (69 Am. D. 945); Stewart *v.* Allen, 16 Cal. 473 (76 Am. D. 551). The sale of real estate at public sale by an administrator who is duly authorized to sell by an order of the court of ordinary, to an innocent purchaser, divests the title of the heirs, although there may be irregularities. Civil Code (1910), § 4039; *Davie* v. *McDaniel,* supra; *Merritt* v. *Jones,* 136 *Ga.* 618 (71 S. E. 1092). The date of the petition for order to sell and the date recited in the deed show on their face a mistake in one or the other of these dates. This is insufficient to invalidate the title.

2. It is insisted that the order of sale is void, because it did not contain a legally sufficient description of the land to be sold. The petition for leave to sell the land, upon which the order allowing the sale was based, recited that "the said Irby Hudson [died] leaving a tract of land in said county, on which he resided," containing a designated number of acres. It was competent to determine by aliunde evidence what tract of land containing the designated acreage was left by the testator upon which he resided; consequently the petition and the order of sale based thereon were not void because of an insufficient description of the land. *Davie* v. *McDaniel, Merritt* v. *Jones,* supra.

3. It is also argued that the deed is insufficient to divest title, because it did not appear that the sale of the land was conducted within the hours required by law, the deed failing to contain any

recital in regard thereto. The deed executed by the administrator pursuant, to a sale under the order of the court of ordinary does recite the order for the sale, legal notice of the application for same, notice of such sale in a named public gazette, of the time and place thereof, at the door of the court-house in the County of Hancock on the first Tuesday in November, 1862, at the place of public sales in the county aforesaid, and that "the land was exposed for sale under and by virtue of the order aforesaid," such order containing a requirement that the land be sold upon the administrator's proceeding in the premises "as required by the statutes in such cases made and provided." The recital will be held sufficient to show that the administrator, in making the sale, complied with the requirements of the order, in the absence of anything on the record of the proceedings to the contrary. Civil Code (1910), § 4030. An administrator is an officer of the law; and nothing appearing to the contrary, it must be presumed that he has performed his duty as required by law. *Clements* v. *Henderson, 4 Ga.* 155 (48 Am. D. 216), 11 R. C. L. 333 § 389. The absence of a recital in the administrator's deed to the effect that the sale took place within the hours required by law, when considered in connection with the judgment of the court of ordinary ordering the sale, will not void the deed. At most it would constitute an irregularity. In the absence of such a recital it should be assumed that the administrator complied with the law, rather than the contrary. Where a sale is based upon a valid order of the court of ordinary, and there is not a strict compliance with the requirements of the law, such sale is only voidable, and innocent purchasers are protected. *Whitehurst* v. *Mason, 140 Ga.* 148, 151 (78 S. E. 938). In *Clements* v. *Henderson,* supra, there is a ruling apparently in conflict. In that case the deed recited that "in obedience to an order of the honorable the inferior court of Harris county, sitting for ordinary purposes," etc. That court was a court of limited jurisdiction, and its judgments were not entitled to the same presumptions in their favor as are the judgments of courts of general jurisdiction. Subsequently to that decision the rule was somewhat relaxed in the case of *Worthy* v. *Johnson, 8 Ga.* 236 (11), 237 (52 Am. D. 399), in favor of bona fide purchasers, and the holding in the last-named case is found in the Civil Code (1910), § 4039. See also *Tucker* v. *Harris, 13 Ga.* 1 (11), 10

(58 Am. D. 488). By statute in the year 1856 (Acts 1855-56, p. 147) the court of ordinary was made a court of general jurisdiction in regard to estates, testate and intestate, since which time its judgments in ordering sales or granting leave to sell real estate stand upon the same plane as do judicial sales. The purchaser at judicial sales is not required to see that the officer has complied fully with all of the regulations prescribed in such cases. Irregularities create questions of liability between the officer and parties interested in the sale. The innocent purchaser is bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms. Civil Code (1910), § 6059; *Saunders* v. *Register,* 149 *Ga.* 286 (99 S. E. 857).

4. It is contended by the plaintiffs that the judgment of the court of ordinary granting leave to sell the land is void, because there was no notice or service on the owners of the land. The petition to the court of ordinary for leave to sell alleges that the petitioner "has given due notice of his intended application." Nothing else appearing on the face of the record, it must be assumed that "due notice" means a compliance with the law, and that whatever notice and service the law required was given. "A recital in an administrator's deed of a compliance with all of the requirements of law necessary to be done after the order of sale is granted, is prima facie evidence that those requisites were complied with." *Davie* v. *McDaniel,* supra. The deed made to the purchaser recites: "Legal notice of said application having been first given in one of the public gazettes of this State, two months previous to the granting of the order aforesaid." The deed therefore furnishes ample prima facie evidence of its own validity in this respect. In favor of the judgment of the court of ordinary we are bound to presume that the court did its duty, "that notice of the application was given as the statute directs, and that it plainly and fully was made to appear that the sale would be for the benefit of the heirs and creditors." *McDade* v. *Burch,* 7 *Ga.* 559, 562 (50 Am. D. 559) ; *Davie* v. *McDaniel, Schulze* v. *Schulze,* supra. When the *Clements* and the *McDade* cases were decided the statute making courts of ordinary courts of general jurisdiction as to estates had not been enacted. In considering judgments the rule is, "and has been at least since the days of Charles II, that nothing shall

be intended to be out of the jurisdiction of a superior court (i. e. a court of general jurisdiction) but that which specially appears to be so." *Davie* v. *McDaniel*, supra.

5. Counsel for the plaintiffs lay their greatest stress upon the contention that the administrator de bonis non has no power to sell the land of the decedent for the purpose of distribution; that the court of ordinary was without jurisdiction to order such a sale; that such was the effect of the order granted in this case, no mention having been made of the necessity for selling the land for the purpose of paying debts; and that for these reasons the judgment of the court of ordinary was void on its face and could be collaterally attacked. We are aware that this is an issue which is fundamental in character, and have accordingly given it serious consideration and investigation. The Civil Code (1910), § 4026 declares: "If at any time it becomes necessary, for the payment of the debts of the estate or for the purposes of distribution, to sell the land of the decedent, the administrator shall, by written petition, apply to the ordinary for leave to sell, setting forth in the petition the reason for such application." It must be conceded that real estate descends directly to the heirs, subject only to the payment of debts and for distribution. It is so provided in the Code of Georgia, § 3657. In *Park* v. *Mullins*, 124 *Ga.* (supra), it was said: "As the title to land vests in the heirs immediately upon the death of the decedent, the heirs by agreement may divide the land in kind if the rights of other persons are not affected by the transaction. If there are no debts, and none of the heirs are minors or laboring under other disabilities, a division of the land may be had by agreement among them." It was further said, however, in the same connection: "They are, however, not compelled to agree upon a division, and any heir may insist upon a sale and distribution of the proceeds. In order to defeat the right of an administrator to recover the land for distribution, it is therefore necessary for the heir in possession, not only to show that the land can be divided in kind, but that it is the purpose and intention and desire of all of the heirs that it shall be so divided." That was a case where the administrator was endeavoring to recover the land from an heir who was in possession. Here the land has been sold to an innocent purchaser whose successor was in possession, and the suit is in ejectment by the heirs to recover

possession. In *McCook* v. *Pond,* 72 *Ga.* 150, 153 the court said: "It would seem that, as real estate descends to the heirs in this State, it would be the policy of the courts to favor the heirs by a division of the lands of their ancestor in kind, rather than to have a sale of them. They should not be sold except to pay debts and have distribution. If no debts to be paid and distribution in kind can be made, this policy should be carried out by the courts." And see *Johnson* v. *Hall,* 101 *Ga.* 687 (29 S. E. 37); *Finch* v. *DuBignon,* 117 *Ga.* 113, 115 (43 S. E. 423). We are aware that in the case of *Bealy* v. *Stapleton,* 110 *Ga.* 580 (35 S. E. 770), it was held that "an administrator cum testamento annexo cannot lawfully sell lands for the purpose of paying debts or for distribution, when there are no debts, and such administrator has no authority to make and is under no duty of making a distribution of the estate among legatees or devisees." But this was said in a case where the heirs filed an equitable petition before the sale, seeking to enjoin the same, alleging that there were no debts; that it was unnecessary to sell the land for the purpose of paying debts or for distribution; that the petitioners were remaindermen under the will; and that a sale of the lands would have the practical effect of depriving them of their interest in the estate. On the hearing it was admitted and agreed by the parties that all of the debts of the estate had been paid, and that there was no necessity to sell the lands to pay debts. The administratrix claimed the right to sell both under the will and the order of court. No contention appears in that case that a proper and fair division of the estate in kind could not be made, and this issue was not mentioned. Clearly, therefore, that decision cannot be urged as an authority denying the power of the court of ordinary to order the sale of real estate of a decedent in a proper case. Nor can it support the contention that when a sale is made pursuant to such an order, the title of an innocent purchaser will fail. Indeed, in the case of *Park* v. *Mullins,* supra, it was said: "If the defendant had filed an equitable plea alleging that it was for the best interest of the minors that the land should be divided in kind, and they had been made parties to the case and served, and a guardian appointed for them, it may be that the court would have had jurisdiction to render a decree declaring that a sale was unnecessary, and providing for a division of the land in kind between the defendant and

his children.  But certainly the defendant cannot defeat the suit of the administrator by simply showing that he desired a division in kind, and thus be left in possession of the property." As stated above, in that case the defendant was the heir in possession of the land, and the administrator was seeking to recover possession from him.  So in *McCook* v. *Pond,* supra, an injunction was granted to restrain the administrator from selling the land, upon the ground that no sale was necessary.

It would seem from what has been said above, that the contention of the plaintiffs to the effect that the administrator cannot in any case sell land for the purpose of distribution is untenable, and that, upon the contrary, he may in some instances lawfully make such a sale under proper order.  Neither the statutes of this State nor the decisions of this court have clearly defined where the limit may be found.  It is sufficient to say that in some cases, as where a fair division in kind cannot be made and a sale is for the benefit of the heirs, the court of ordinary may lawfully pass a judgment ordering the sale of real estate of a decedent for the purpose of division among the heirs.  Apparently this was done in the present case; but whether that was the sole reason or whether there were other reasons cannot be said from the record before us. The petition filed in the court of ordinary by the administrator de bonis non cum testamento annexo recited, as a reason for the sale, that "such is the situation of the land that no fair division can be made amongst the heirs at law," and no other reason was alleged. On this petition the court ordered "that the prayer of the petitioner be granted, and that he have leave to sell the tract or parcel of land upon his proceeding in the premises as required by the statutes in such cases made and provided."  It must be assumed, where the petition alleged that the land was incapable of a fair division, that legally sufficient reasons were shown to the court that a sale of the land was for the benefit of heirs, and that all other necessary things were shown to the court.  See *Stuckey* v. *Watkins,* 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47).

The case of *Moore* v. *Turner,* 148 *Ga.* 77 (95 S. E. 965) is cited as authority for the proposition that a court of ordinary has no jurisdiction to order a sale of real estate for the purpose of distribution among the heirs, and that such judgment is void and may be collaterally attacked.  The objection that the judgment in

that case was not open to collateral attack does not appear, from the report, to have been directly made, and no express ruling was made upon that question. ' It affirmatively appears that the executors had assented to the devise and had "permitted the life-tenant to take the property (222 acres of land) devised." It was accordingly held that "a sale of the land by the executors, subsequently to the death of the life-tenant, under order from the ordinary, was void and passed no title to the purchaser." Even if the order granting leave to sell could not be attacked collaterally upon the ground that the executors had assented to the devise and that the devisees had taken possession of the devised real estate, the attempted sale by the executors of the land held adversely to them by the devisees was void and passed no title to the purchaser. It should be observed that in the present case the order granting leave to sell and the sale took place in the early '60's; and that more than half a century has elapsed between the date of the sale and the attack made upon it. "The presumptions in favor of the regularity of a judgment increase with the lapse of years. It has been said that almost any reasonable presumption of fact will be conclusively indulged in order to sustain rights asserted under a decree which is twenty years old. To sustain an ancient judgment time may authorize the presumption of an extraneous fact which the record does not contradict and which it was not indispensable to the validity of the judgment that the record should exhibit." 15 R. C. L. 879.

6. For the reasons above stated, we hold that the trial court did not err in adjudging that the judgment of the court of ordinary granting leave to sell the land was not void, and that it could not be collaterally attacked. Obviously it follows that this conclusion is controlling in the case before us, because the suit is an indirect attack on the judgment. So long as the judgment of the court of ordinary stands unreversed and not set aside, the plaintiffs cannot recover. Other rulings of the court upon which errors are assigned and authorities cited, such as whether or not the executrix and administrator had assented to the legacies, and whether evidence to that effect should have been admitted, as well as aliunde evidence to the effect that the estate owed no debts, and other evidence, are not decided, because they are pertinent only where a direct attack is made on the judgment.

*Judgment affirmed. All the Justices concur.*