## RYALS v. WILSON.

1. The court erred in refusing to admit in evidence the administrator's deed described in the facts reported herewith. The recitals therein, and its age, are sufficient, in the absence of proof to the contrary, to show that the judgment of the court of ordinary ordering the sale of the property was based upon a compliance with the provisions of law in such cases.

2. The court erred in refusing to admit in evidence other deeds in the chain of title (the chain beginning with a grant from the State and connecting the plaintiff therewith) on the ground that possession had not been shown.

3. The judgment of the court declaring a nonsuit, made necessary by reason of the rejection of the deeds mentioned in the foregoing head-notes, was erroneous.

No. 2521. FEBRUARY 18, 1922.

Ejectment. Before Judge R. C. Bell. Decatur superior court. February 7, 1921.

Hollis Ryals brought a common-law action of ejectment against Peter Wilson, to recover a fifty-acre tract in the northwest corner of lot of land No. 218 in the 16th district of Decatur County. To this action the defendant filed a plea of not guilty. The case proceeded to trial, and after the introduction of evidence by the plaintiff the court granted an order declaring a nonsuit. The plaintiff excepted. The evidence submitted by the plaintiff was all documentary. The bill of exceptions recites as follows: " The plaintiff offered in evidence the following documents, to wit: Plat and grant from the State of Georgia to Henry Bourne, dated November 26, 1842, to lot of land No. 218 in the 16th district of Early County Georgia. Certified copy of order of the court of ordinary of Elbert County, dated April 5th, 1852, appointing Thomas I. Turman as administrator of the estate of Henry Bourne. Certified copy of the following order from the minutes of the court of ordinary of Elbert County, to wit: ' It appearing to the court that the notice required by law has been given, and no cause having been shown to the contrary: It is ordered by the court that Thomas I. Turman, administrator of the estate of Henry Bourne, dec'd, be and he is hereby authorized to sell all the lands belonging to the estate of said Henry Bourne, deceased, late of Elbert county, this 2nd day of August 1852 ' (Minutes Court of Ordinary Elbert County, Georgia, 1849-1853, pages 214-232). Which three mentioned documents were by the court ad-

mitted in evidence. Plaintiff offered in evidence the following deed, to wit: Administrator's deed executed by Thomas I. Turman, administrator of Henry Bourne Est., to S. S. Mann, dated Nov. 1st, 1853, and executed in the County of Decatur, conveying lot of land No. 218 in the 16th district of Decatur, formerly Early County, Georgia and reciting an order of the court of ordinary of Ebert County on the 2nd day of August, 1853, for the sale of the real estate of grantor's intestate (legal notice of the application being given in one of the public gazettes of this State for two months previous to the granting of the order aforesaid), and whereas the said Thomas I. Turman as administrator aforesaid, having first given forty days notice of said sale and of the time and place thereof in one of the public gazettes of this State, to wit, the Chronicle and Sentinel, and at the court-house in the County of Decatur, did on the 1st day of November, 1853, at the place of public sales in said County of Decatur aforesaid, expose to sale at public outcry under and by virtue of the order aforesaid the premises hereinafter mentioned, etc. Defendant objected to the admission of said deed in evidence, upon the grounds: (1) That there was no proper application for the sale of the specified land conveyed by the deed. (2) Because there was no proper order of the court of ordinary of Elbert County, authorizing the sale of lot of land No. 218 in the 16th district of Decatur County. (3) Because said land was sold in Decatur County, Georgia, when the administration upon the estate was had in Elbert County, Georgia, and there was no order of the court of ordinary of Elbert County authorizing the advertisement and sale of said land beyond the limits of Elbert County, Georgia. (4) Because said deed was void for want of authority on the part of the administrator to sell said land. The court sustained said objections and excluded said deed from evidence, to which ruling and judgment plaintiff in error then and there excepted and here and now excepts and assigns the same as error because contrary to law. Plaintiff offered in evidence deed from S. S. Mann to Thomas Parker, dated November 22, 1894, conveying lot of land No. 218 in the 16th district of Decatur, formerly Early County, Georgia. Defendant objected to the admission of said deed, upon the ground that same was irrelevant and no possession was shown in grantor, which objection was by the court sustained and said deed excluded. To

which ruling and judgment plaintiff in error then and there excepted, and here and now excepts and assigns error thereon, because contrary to law. Plaintiff offered in evidence deed from Thomas Parker to James Ryals, dated September 23, 1916, conveying lot of land No. 218 in the 16th district of Decatur County, Georgia. Defendant objected to said deed upon the ground that no possession was shown in grantor and no title, which said objection was by the court sustained and said deed excluded. To which ruling and judgment of the court plaintiff in error then and there excepted, and here and now excepts and assigns the same as error, because contrary to law. Plaintiff offered in evidence deed from James Ryals to Hollis Ryals, dated June 28th, 1916, conveying fifty acres in the northwest corner of lot of land No. 218 in the 16th district of Decatur County, Georgia. Defendant objected to said deed upon the ground that no title and no possession was shown in grantor, which said objection was by the court sustained and said deed excluded. To which ruling and judgment of the court plaintiff in error then and there excepted and here and now excepts and assigns the same as error, because contrary to law. Upon motion of defendant's counsel the court ordered a nonsuit, to which ruling and judgment of the court plaintiff in error then and there excepted, and here and now excepts and assigns the same as error, because contrary to law, and because the plaintiff had shown a complete chain of title from the State, and because a prima facie case had been made out according to law."

J. C. Hale and W. V. Custer, for plaintiff.

T. S. Hawes and H. G. Bell, for defendant.

GILBERT, J. 1. The court erred in rejecting the deed from Turman, administrator of the estate of Henry Bourne, to S. S. Mann. The Civil Code (1910), § 4030 declares: "The recital of a compliance with legal provisions in the administrator's deed shall be prima facie evidence of the facts." This provision was contained in the Code of 1861, § 2520, and was the law of this state prior to the judgment granted in this case by the ordinary. *Clements* v. *Henderson,* 4 *Ga.* 148 (3), 154 (48 Am. D. 216). The administrator's deed does not in terms recite that an application to sell was filed, but it does not negative the fact. It does recite that "the notice required by law has been given," and, in the absence of proof to the contrary, the ordinary will be presumed to

have complied with the law. This judgment authorizing the sale of the land is more than sixty years old. " The presumptions in favor of the regularity of a judgment increase with the lapse of years. It has been said that almost any reasonable presumption of fact will be conclusively indulged in order to sustain rights asserted under a decree which is twenty years old. To sustain an ancient judgment time may authorize the presumption of an extraneous fact which the record does not contradict, and which it was not indispensable to the validity of the judgment that the record should exhibit." *Copelan* v. *Kimbrough,* 149 *Ga.* 683, 686 692 (102 S. E. 162). Furthermore, at the time the order was granted by the ordinary of Elbert County, authorizing the sale of the land of the estate lying in Decatur County, the existing law provided that such lands be sold " at the place of the public sales in the county where such real estate may lie." Acts of 1826, p. 98. This has already been noted by this court in the case of *Falterson* v. *Lemon,* 50 *Ga.* 231 (2), 236. It should be noted that in the opinion on page 236 by inadvertence the act of the General Assembly was erroneously referred to as the act of 1816, when it should have been the act of 1826, which was an act amending the act of 1816.

2.   All other deeds in the chain of title, except the grant from the State, offered by the plaintiff were rejected by the court, on the ground that no possession was shown in the grantor and because the deeds were irrelevant. The rejection of these deeds requires a reversal of the judgment granting a nonsuit. Though one objection was on the ground that the deed was irrelevant, we will assume that the court deemed all of the deeds inadmissible on the ground that no possession of the land was shown by the plaintiff or by any of the grantors named in the rejected deeds. " It is well established that if the plaintiff in an action of ejectment or in the nature thereof relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims. No length of chain or paper title which does not reach the sovereignty of the soil is sufficient in itself to constitute prima facie evidence of title." 9 R. C. L. 843, § 15, and authorities cited in the footnote. In this case the plaintiff offered in evidence a complete chain of title, beginning

with a grant from the State down to the plaintiff. The Civil Code (1910), § 3798, provides as follows: "The title to all lands in this State orginates in grants from the government; and, since its independence, from the State." When a grant from the State is introduced, no proof of possession is required. It is when the chain of title is not connected with a grant from the State that possession in one of the grantors in the chain must be shown. Dodge *v.* Irvington Land Co., 158 Ala. 91 (48 So. 383, 22 L. R. A. (N. S.) 1100, and annotations); Krause *v.* Nolte, 217 Ill. 298 (75 N. E. 362, 3 Ann. Cas. 1061); Cottrell *v.* Pickering, 32 Utah, 62 (88 Pac. 696, 10 L. R. A. (N. S.) 404 and annotations). Section 5586 of the Civil Code, which declares: "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry, and without any lawful right whatever," has no application to this case. In this case the plaintiff relies, not upon a bare possession, but upon a complete chain of paper title deraigned from the State of Georgia.

The briefs of counsel for defendant in error mention other reasons why the deeds were inadmissible, such as that the deeds were defective in execution, were not recorded, and the like. We cannot consider the reasons stated in the brief of counsel which do not appear in the record in the case. The bill of exceptions contains the only statement of the matter which we can consider. There it is stated in regard to each deed in question that plaintiff offered in evidence deed from a named grantor to a named grantee, "conveying" the land in question. Accepting this verification as the truth, the deeds which were offered by the plaintiff and rejected by the court had all requisites of valid deeds, and did in fact convey the land in question each from a predecessor in title to a subsequent predecessor in title.

*Judgment reversed. All the Justices concur.*