### 16332. LUFBURROW v. NEWTON et al.

Where some, but not all, of the heirs of an estate made a security deed conveying their combined interests in certain lands belonging to the estate and containing a power of sale, and subsequently an administrator was appointed, who applied for and obtained a proper judgment of the court of ordinary granting leave to sell the lands for the purpose of paying the debts of the intestate and of distribution, a sale duly made by the administrator in pursuance of such judgment, followed by an administrator's deed reciting that it was subject only to the deed to secure a debt, divested all rights to the equity of redemption of the makers of the security deed. Hence, where the debt was not paid at maturity and the grantee in the security deed sold the property thereby conveyed, in accordance with the power conferred, any remainder of the proceeds of the sale which remained in his hands after the satisfaction of his debt belonged not to the makers of the security deed, but to the purchaser at the administrator's sale. In this action by certain of the makers of the security deed, against the grantee therein, for the recovery of their alleged pro rata share of the residue of the proceeds of the sale, the verdict found in favor of the plaintiffs was contrary to the evidence and to law, and the defendant's motion for a new trial should have been granted.

DECIDED SEPTEMBER 9, 1925.

Complaint; from Screven superior court—Judge Strange. May 6, 1924.

*M. R. Lufburrow, H. A. Boykin,* for plaintiff in error.
*E. M. Dyal, Overstreet & Overstreet, Hinton Booth,* contra.

BELL, J. N. A. Wimberly and his wife, Dora D. Wimberly, owned a lot of land in Bulloch county, Georgia, as tenants in common equally interested. He died intestate in 1918, leaving his widow and eight children and the children of a deceased child as his heirs at law. It seems that the widow claimed only a child's part of the estate. On December 5, 1918, after her husband's death, she and three of the children, namely, O. R. Wimberly, Mrs. Leslie L. Newton, and J. P. Wimberly, executed a deed to secure a debt, conveying their several undivided interests in the tract, amounting in the aggregate to fourteen twentieths, to S. B. Lufburrow, for a loan of $500. This deed contained a power of sale; and, default being made in the payment of the debt, the property

so conveyed was sold by Lufburrow under the power on January 2, 1923, for $2,125.   O. R. Wimberly and Mrs. Newton subsequently brought suit against Lufburrow for $303.56 (this sum being two twentieths of the amount realized at the sale), contending that, to the knowledge of Lufburrow, they were responsible for the debt only as sureties for their mother, and that since the price received from the sale of her interest in the land was more than sufficient to pay the debt, they should be made whole out of the overplus.   The jury found a verdict in favor of the plaintiffs, for the amount sued for.   The defendant made a motion for a new trial, which was overruled, and he excepted.   The defendant interposed several distinct defenses, and in his motion for a new trial made numerous assignments of error, excepting to portions of the court's charge, to certain omissions to charge, to the refusal of requests to charge, and to the admission of evidence.   After a careful study of the rather voluminous record, we have reached the conclusion that the evidence sustained one of the defenses absolutely, and that the verdict in the plaintiffs' favor was therefore unauthorized.   In this view of the case it is unnecessary to set forth the evidence relating to the other defenses, or to go into a detailed discussion of the several grounds of the motion for a new trial.   Assuming that a finding was demanded in the plaintiffs' favor upon every other issue in the case, the verdict must be set aside because of the following facts, which were developed without dispute or avoidance, in support of one of the defenses pleaded.

No administrator had been appointed on the estate of N. A. Wimberly at the time of the making of the security deed, but Mrs. Wimberly, the widow, later applied for letters, and was duly appointed and qualified in October, 1920.   She immediately applied for leave to sell the one half undivided interest of her deceased husband in the lot of land in question, alleging that a sale of the same was necessary for the purpose of paying the debts and for distribution. The usual citation was issued and published, and in November, 1920, an order was passed by the court of ordinary, granting the application.   In pursuance of the authority thus granted, she exposed the lands for sale at public outcry in the following December, at which sale J. R. Wimberly was the purchaser.   The administrator's deed was duly executed and delivered to him, conveying the one half undivided interest in the lot, which had belonged to the in-

testate.   The purchaser complied with his bid and the deed was accepted by him.   This deed recited that it was made "subject to a certain deed to secure debt to S. B. Lufburrow for $500.00 and interest."   N. A. Wimberly owed no debts at the time of his death. Some of the heirs were minors and continued to be such at the time of the sale by the administrator.

In this State, as at common law, the title to realty vests immediately in the heirs at law, except that descent may be intercepted and title divested whenever it becomes necessary for an administration for the purpose of paying debts or for the purpose of distribution among the heirs.   *Lester* v. *Toole,* 20 *Ga. App.* 381 (2) (93 S. E. 55).   The plaintiffs in this case, whether personally notified of the application of the administrator for leave to sell or not, are concluded by the judgment granting the leave.   In *McDade* v. *Burch,* 7 *Ga.* 559 (50 Am. D. 407), the Supreme Court held that an order of the court of ordinary directing the sale of lands belonging to an estate could not be collaterally attacked, and that, when property was about to be sold at an administrator's sale in pursuance of such a judgment, it was not competent for an heir who had interposed a claim to the property to prove that the estate was settled and the land divided without an administration, and that there were no debts to be paid.   Thus, the evidence in the present case that the decedent owed no debts is without any effect on the issue for determination.   This is not a suit by an administrator against an heir for land.   In the case of *Park* v. *Mullins,* 124 *Ga.* 1072 (1) (53 S. E. 568), it was held: "The heir, like all other persons interested in the estate, is bound by the judgment authorizing the sale of the land, except in the single instance where the order of sale is used as evidence in an action of ejectment against him to recover the land from his possession."   See also *Brown* v. *Glover,* 156 *Ga.* 640 (119 S. E. 607).   The sale of the property by the administrator, by proper order from the court of ordinary, ordinarily will divest the heirs of all title to the property sold. *Merritt* v. *Jones,* 136 *Ga.* 618 (1) (71 S. E. 1092) ; *Isom* v. *Nutting,* 153 *Ga.* 682 (113 S. E. 197).   But for the proviso in the administrator's deed, that it was made subject to the security deed in favor of Lufburrow, he would even have been divested of that part of his security which had belonged to the estate.   This proviso, however, preserved his security, and he was entitled to sell the land

under the power of sale when the debt was not paid at maturity. The administrator's vendee could have paid this debt, and, upon doing so, would have held title to the half undivided interest absolutely. The equity of redemption which would otherwise have belonged to the makers of the security deed vested in the purchaser at the administrator's sale. He took the land burdened only with the debt and when the grantee in the security deed sold under the power of sale the property therein conveyed, the proceeds, after paying the debt (except as to the one-half undivided interest of Mrs. Wimberly, which was no part of the estate), belonged not to the makers of the deed, but to the person who had purchased the entire interest of the estate from the administrator subject only to the payment of the debt to the grantee in the security deed. *Daniel* v. *Wilson,* 91 *Ga.* 238 (4) (18 S. E. 134) ; *Burckhalter* v. *Planters Loan & Savings Bank,* 100 *Ga.* 428 (1) (28 S. E. 236) ; *Whatley* v. *Watters,* 136 *Ga.* 701 (2) (71 S. E. 1103) ; *Stevens* v. *Worrill,* 137 *Ga.* 255 (1) (73 S. E. 366). Mrs. Wimberly's act in signing the deed to Lufburrow in her personal capacity as an heir at law did not estop her from proceeding later to obtain leave to sell the land as administrator, or from actually selling it under the power so obtained. *Gouldsmith* v. *Coleman,* 57 *Ga.* 425. Nor, therefore, was J. R. Wimberly estopped from buying at such sale, although he too had signed the security deed. This contract was entered into by all of the parties with knowledge that the title which they claimed as heirs was subject to be divested by a possible sale by an administrator. In so far as the plaintiffs are concerned, it matters not what Lufburrow may have done with the remainder of the proceeds of the sale under the security deed after paying his debt. Such overplus represents the equity of redemption in the property conveyed in the security deed. If the plaintiffs at the time of their suit were no longer owners of any part of the equity of redemption, they were not entitled to recover any part of the money ; and since we have seen that all interest which they ever had in the property of the intestate was divested by the administrator's deed (excepting perhaps the right to have the debt paid), it appears that the verdict in their favor was contrary to the evidence and unauthorized by law. Of course we are not to be understood as deciding anything as to the present rights between the defendant, Lufburrow, the grantee in the security deed, and J. R.

Wimberly, the grantee in the administrator's deed.  It may or may not be that because of subsequent facts, the status as it existed between them at the execution of the administrator's deed has so changed that no recovery could be had even by J. R. Wimberly. He is not a party to the proceedings; and in saying that the proceeds of the equity of redemption belong to him and not to the plaintiffs, we mean merely to hold that such was the effect of the deed which he obtained from the administrator.  Our ruling is that the undisputed evidence shows that there is no right of recovery in the plaintiffs.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*