11241. HARTLEY *v.* SMITH *et al.,* receivers.

PER CURIAM. 1. Where a man dies leaving, as a part of his estate, bank stock not fully paid for, and the stock is set aside to his widow and her minor children as a year's support, "after all the just debts are paid," and, upon presentation to the bank of a certified copy of the year's support proceedings, the bank issues to the widow alone a certificate which shows "60 % paid in and assessable," the receivers of the bank can obtain a legal general judgment against the widow for the amount of the balance due of the purchase-money for the stock. It was not error to direct a verdict in the plaintiff's favor for the balance due upon the certificates of stock, and in thereafter overruling the motion for a new trial.

*Judgment affirmed.* Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.

DECIDED JANUARY 27, 1921.

(Certiorari was granted by the Supreme Court.)

Complaint; from city court of Louisville — Judge Barwick. December 10, 1919.

*Evans & Evans,* for plaintiff in error.

*R. G. Price, J. R. Phillips,* contra.

LUKE, J., dissenting.   Hartley died March 11, 1918, leaving as an asset of his estate five shares of stock in the Farmers State Bank, of Bartow.   A year's support, including this stock, and comprising the entire estate of deceased, " after all just debts are paid, " was duly set aside to the widow and her three minor children.   The stock-certificate held by the husband, and likewise the one issued in lieu thereof to the widow, showed on its face the following:  " 60% paid in and assessable. "   The widow received one dividend on the stock, which was used for the benefit of herself and the minor children.   Later the bank was declared insolvent, receivers were appointed, and suit was brought by them against the widow and others for the balance owing on the stock.   A verdict was directed, and a judgment was rendered against her for the full balance due for the stock.   The presiding judge overruled the defendant's motion for a new trial, and she excepted to his judgment so doing.

This stock, though not fully paid for, was issued to the husband during his lifetime, and at his death became an asset of his estate, subject to the claim for a year's support.   " Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family. "   See Park's Code, § 4041.   The year's support, valued at $4,550.82, including five shares of stock in the Farmers State Bank, was duly set aside to the widow and her three minor children as a support.   The widow's request to the bank that the stock be transferred to herself and her children was declined until the bank was furnished with a certified copy of the year's support proceedings, and, when such certified copy was filed with the bank, it issued a certificate for the five shares of stock in the name of the widow alone and sent it to her.   The bank could not defeat the interests of the minors in any part of the support, and, under the reasoning of the case of *Allen* v. *Lindsey,* 113 *Ga.,* 521 (3) (38 S. E. 975), the title to this stock vested in the widow and children in common.   " Except as otherwise specially provided, " this title is superior to all other debts of the husband's estate, and the widow has no right to sell, or mortgage, or otherwise incumber, any part of the support except for the ben-

efit of the beneficiaries. The unpaid purchase-money for the stock in question was a credit extended to the husband during his lifetime, and was not an obligation subsequently incurred by the widow for the benefit of the beneficiaries.

The writer is aware that by the act of 1891 (Park's Code, § 4048) a purchase-money mortgage for realty takes precedence over the year's support, and that by the act of August 17, 1903 (Park's Code, § 4049), a purchase-money mortgage on personalty was likewise made superior to the support. I think, however, that both the language of the statute and the decisions of our courts evince an extreme solicitude on the part of our law-makers and judiciary for the beneficiaries of the support, and that, unless in the case of clear and specific exceptions, the property to which the deceased head of a family had title at his death is subject to this superior claim. It is not the policy of our law that the year's support, or any part of it, should be saddled with a debt like the one under consideration. If this were not true, it is conceivable that sufficient stock might be set aside to raise a liability exceeding the value of the remainder of the support. If in such a case the entire year's support could be held liable for such debt, it would be consumed; and if only the widow's interest therein could be so subjected, to that extent at least the support would be encroached upon.

Section 2248 of the code provides that " The stockholder in whose name the capital stock stands upon the books of such corporation at the date of its failure shall be primarily liable to respond upon such individual liability. " The contention is that the stock stood in the widow's name when the bank failed, that the statute unqualifiedly fixes the liability for the unpaid stock subscription upon her, and her alone, that the suit is not brought to subject any part of the support, and that a general judgment against her is proper and legal. This section must be construed in the light of the older section (4041) cited above and the decisions of the courts construing that section. If this judgement is allowed to stand, I see no reason why an execution based thereon could not be levied on all the property of the widow, including her one-fourth undivided interest in the year's support. See *Lowe* v. *Webb,* 85 *Ga.,* 731 (11 S. E. 845). In the case of *Ullman* v. *Brunswick Tille &c. Co.,* 96 *Ga.* 625 (24 S. E. 409), cer-

tain stock was actually pledged in writing to secure the balance due for the purchase-money of the stock, and it was held that the title to the pledged stock remained in the pledgor, that it was subject to be set aside as a year's support, that the lien of the pledgee was inferior to the claim of the beneficiaries of such support, and that the company could not subject the pledged stock for the payment of the unpaid subscription. In the case at bar the stock is valueless, and a judgment has been procured that might subject a part of the support itself to the payment of the balance of the unpaid subscription. I do not think that the verdict in the case at bar should stand, and for this reason do not agree with the majority view.