## HARTLEY *v.* SMITH *et al.,* receivers.

Where a man at the time of his death held a certificate for five shares
of bank stock of the par value of $100 a share, upon which a balance
of $200 of the subscription price remained unpaid, and a year's sup-
port was set aside to his widow and minor children of his " entire
estate after all the just debts are paid," and in the schedule of the
appraisers the five shares of stock set aside as a part of a year's
support was valued at $300, and subsequently, upon an inspection of
a certified copy of the entire proceedings of the year's support ex-
hibited to the cashier of the bank by the widow, the cashier issued to
her a certificate for five shares of stock, in which there was the re-
cital, " 60% paid in and assessable," the receivers of the bank, which
subsequently became insolvent, could not obtain against the widow a
general judgment for $200, as balance due as unpaid subscription.
No. 2483. FEBRUARY 18, 1922. REHEARING DENIED MARCH 1, 1922.

Certiorari; from Court of Appeals. 26 *Ga. App.* 212.

At the time of his death A. N. Hartley held a certificate in his

name for five shares of stock in the Farmers State Bank of Bartow, Ga., of the par value of a hundred dollars a share, for which he had paid 60 per cent. of such value, the certificate reciting, " 60 % paid in and assessable." Upon the application of his widow a year's support from his estate was set aside to her and their three minor children. The appointed appraisers set apart as such year's sup-. port the "entire estate [of the decedent] after all the just debts are paid." The schedule of the appraisers attached to their report included " 5 shares in Farmers State Bank of Bartow, Ga., $300," and other itemized property of stated value. The report of the appraisers was duly made the judgment of the ordinary's court. Mrs. Hartley subsequently requested the cashier of the bank to issue to her a certificate of stock, which he declined to do unless presented with a certified copy of the year's support proceedings. Mrs. Hartley presented such certified copy to the cashier, and he issued to her a certificate for five shares of the stock which contained the words, " 60% paid in and assessable." Thereafter she received one dividend declared on the stock held by her. The The bank became insolvent; and the receivers appointed for it brought an action against Mrs. Hartley, and a number of other stockholders, to recover $40 a share as the balance of the unpaid subscription to stock held by them. The judge of the trial court directed a verdict against Mrs. Hartley for $200, with seven per cent. interest thereon from July 1, 1919, which was from the date of the institution of the action. The defendant's motion for a new trial having been overruled, the case was carried to the Court of Appeals for review. A majority of the division of that court before which the case came for decision rendered a judgment affirming the ruling of the trial court. The case is here on certiorari to the Court of Appeals.

*Evans & Evans,* for plaintiff in error.

*R. G. Price* and *Phillips & Abbot,* contra.

FISH, C. J. (After stating the foregoing facts.) The entire estate of the decedent, Hartley, was set apart as a year's support to his widow and minor children, " after all the just debts are paid." The judgment of the court of ordinary setting aside a year's support, in which the language quoted appears, did not and could not legally impose upon the widow and the other beneficiaries of the year's support any liability to pay the debts owing by the estate of

the decedent. Of course the widow could, if so minded, have voluntarily discharged all the debts of her deceased husband's estate, and have taken it in its entirety, relieved from any liability. It is true that under the terms of the report of the appraisers and the judgment of the court of ordinary she and the children took the entire estate after the payment of all of its just debts; that is, all the just debts had to be discharged before the beneficiaries of the year's support could take the entire estate. And an administrator could have been appointed of the estate, whose duty it would have been to pay all of the just debts from the assets of the estate received by him, and whatever assets of the estate remained after the payment of the just debts and the expenses of administration would have gone to the widow and minor children as their year's support. This procedure, however, was not followed; but the receivers of the bank, which they claim held the debt against the estate of the intestate for the sum of $200 owing by the decedent at the time of his death, as a balance of unpaid subscription on the five shares of stock, brought this action against his widow as a debt due by her by reason of the fact that her husband owed it, and that the bank upon her solicitation had issued to her a certificate for the five shares of stock for which her husband held a like certificate at his death. The bank demanded the exhibition to it of the certified copy of the year's support proceedings, before it would issue to her a certificate. The bank therefore had actual notice, from the copy of the proceedings exhibited to it, that only an interest to the amount of $300 had been set aside to the widow and children in the five shares of stock owned by the decedent. The widow did not expressly or impliedly agree or promise to pay the bank anything for the issuance by it to her of a certificate. It follows, that, whatever claim the bank may have against the estate of the decedent, it has no cause of action against the widow, upon which a general judgment could be obtained against her.

Our conclusion is that the judgment of the majority of the division of the Court of Appeals which affirmed the judgment of the trial court was error.

*Judgment reversed. All the Justices concur, except Beck, P. J., dissenting.*