### 11241.  HARTLEY *v.* SMITH *et al.,* receivers.

" Where a man at the time of his death held a certificate for five shares of bank stock of the par value of $100 a share, upon which a balance of $200 of the subscription price remained unpaid, and a year's support was set aside to his widow and minor children of his ' entire estate after all the just debts are paid,' and in the schedule of the appraisers the

five shares of stock set aside as a part of a year's support was valued at $300, and subsequently, upon an inspection of a certified copy of the entire proceedings of the year's support exhibited to the cashier of the bank by the widow, the cashier issued to her a certificate for five snares of stock, in which there was the recital, ' 60% paid' in and assessable,' the receivers of the bank, which subsequently became insolvent, could not obtain against the widow a general judgment for $200, as balance due as unpaid subscription."

DECIDED APRIL 11, 1922.

Complaint; from city court of Louisville — Judge Barwick. December 10, 1919.

*Evans & Evans,* for plaintiff in error.

*R. G. Price, J. R. Phillips,* contra.

LUKE, J. Hartley died March 11, 1918, leaving as an asset of his estate five shares of stock in the Farmers State Bank, of Bartow. A year's support, including this stock and comprising the entire estate of deceased "after all just debts are paid," was duly set aside to the widow and her three minor children. The stock-certificate held by the husband, and likewise the one issued in lieu thereof to the widow, showed on its face the following: "60% paid in and assessable." The widow received one dividend on the stock, which was used for the benefit of herself and minor children. Later the bank was declared insolvent, receivers were appointed, and suit was brought by them against the widow and others for the balance owing on the stock. A verdict was directed and a judgment rendered against her for the full balance due for the stock. The trial judge overruled the defendant's motion for a new trial, and she excepted to his judgment. This court affirmed the judgment of the lower court. 26 *Ga. App.* 212 (105 S. E. 725). Upon certiorari, the Supreme Court reversed the judgment of this court, and held as quoted in the headnote. See *Hartley* v. *Smith,* 152 *Ga.* 723 (111 S. E. 41). It is therefore ordered that the former judgment of this court in this case be vacated; and the judgment of the trial court, overruling the motion for a new trial, is reversed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*