18534.   ROSE *et al. v.* LIVEOAK *et al.*

406

*J. Mallory Hunt,* for plaintiffs in error.

*Mundy & Wright, O. J. Coogler,* contra.

BELL, J. The facts of this case so far as they are material in this court are as follows: Mrs. Ida Liveoak, plaintiff in the court below, being the widow of W. F. Liveoak, an intestate, recovered a judgment for $1800 against the defendant O. Y. Rose, in his representative capacity as administrator of the estate of such intestate, and the defendant brought the case to this court upon the sole contention that the indebtedness was his personal liability instead of a liability against him as administrator.

The evidence shows that some time after the death of the plaintiff's husband there was granted from his estate, to the plaintiff as his widow, a year's support, which included, among other things, the following: "All household goods, furnishings, furniture, and personal effects and moneys arising from sale of goods or property of deceased after all indebtedness has been paid, also rents derived from said estate; including any residue or balance derived from the sale of the eighteen and one-half acres of land, more or less, belonging to estate of said W. F. Liveoak." The tract of land referred to was thereafter sold by the administrator in the usual manner. Mrs. Liveoak was the highest bidder at this sale and the property was knocked off to her at $1800. However, she did not have funds with which to pay her bid in cash, and in this situation the defendant delivered to her his administrator's deed, without requiring payment at the time, in order that she might obtain a loan upon the property from which to pay the purchase-price. The defendant personally aided the plaintiff to procure such loan, two loans in fact, and, the checks for these loans being made to the plaintiff, she indorsed and delivered them to the defendant, they

being more than sufficient to pay the amount which the plaintiff had bid for the property, and the defendant applying the excess to the payment of certain personal debts of the plaintiff which are not here material.

Although the year's support was granted upon the supposition that there were debts against the estate, and contemplated a sale of the land for the purpose of paying such debts, giving to the widow only such portion of the proceeds from such sale as might remain after the debts were paid, it turned out that there were no debts whatever against the estate, and thus that the year's support was the only claim against the proceeds of such sale. The part of the year's support in question was not in land and was not taken in land.

The defendant will not be heard to say that he did not sell the property as administrator, nor that in collecting the proceeds he did not act in that capacity. *Gammage* v. *Perry,* 29 *Ga. App.* 427 (2, 8, 9) (116 S. E. 126) ; *Lufburrow* v. *Newton,* 34 *Ga. App.* 325 (129 S. E. 439). The year's support being in money, and presumably having been made the judgment of the court (provided this was necessary,—see *Cowan* v. *Corbett,* 68 *Ga.* 66; Civil Code (1910), § 4043), the widow could have enforced the same by execution against the defendant as administrator. *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602, 37 S. E. 774). It was the duty of the plaintiff to pay the amount of her bid for the property, and when she finally did so, the fund was held by the administrator subject, first, to the payment of any debts against the estate, and, next, to the payment of the year's support. There being no debts, the plaintiff as widow, on her claim of year's support, was entitled to the whole amount. The defendant's liability in this regard was not converted into a personal one merely because he granted the plaintiff indulgence in paying for the land, nor by any other fact appearing in the record.

As to the character of the year's support involved in this case, see *Hartley* v. *Smith,* 152 *Ga.* 723 (111 S. E. 41) ; *Maxwell* v. *Citizens Bank,* 165 *Ga.* 125 (2) (139 S. E. 864) ; *Jackson* v. *Lee,* 161 *Ga.* 818 (131 S. E. 893).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*